1999 ME 103

**Jack BUSSELL et al.[1]**

v.

**CITY OF PORTLAND.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 17, 1999.

Decided June 30, 1999.

Seth Berner, Portland, for plaintiffs.

Donna M. Katsiaficas, Associate Corporation Counsel, Portland, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and ALEXANDER, JJ.

WATHEN, C.J.

[¶ 1] The City of Portland appeals from an order entered in the Superior Court (Cumberland County, *Cole, J.*) denying its motion to dismiss plaintiffs' claim against it for damages pursuant to the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101–8118 (1980 & Supp.1998). The City contends that the court erred in ruling that the City's operation of a sound system in the Portland Exposition building could constitute the "operation of a public building" within the exception set forth in 14 M.R.S.A. § 8104–A(2) (Supp.1998) to the general immunity provided governmental entities pursuant to 14 M.R.S.A. § 8103 (1980). For purposes of a 12(b)(6) motion to dismiss, we consider the material allegations of the complaint as admitted and review the complaint in the light most favorable to the plaintiffs to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiffs to relief pursuant to some legal theory. *See J.R.M., Inc. v. City of Portland,* 669 A.2d 159, 161 (Me.1995) (citing *McAfee v. Cole,* 637 A.2d 463, 465 (Me.1994)).

■ [¶ 2] The review of a claimed exception to governmental immunity often requires, as it does here, a close examination of the individual facts of the case. Accordingly, in order to avoid the time and expense of multiple appeals, parties should

---

1. The other plaintiffs are Fay Bussell, Sigalit Rupert, Erwin Rupert, Walter Fleury, Fred Roberts, and Seth Berner. Arthur H. Ste- phenson III was named as a defendant, but all counts involving him were dismissed by the court.

be sparing in their use of Rule 12(b)(6) to test the sufficiency of a complaint when resolution of the motion requires analysis of a claimed exception to governmental immunity.[2]

■ [¶ 3] Strictly as a matter of pleading, we cannot determine beyond doubt that plaintiffs are entitled to no relief under any set of facts they might prove to support their claim. *See id.* (citations omitted). On the record before us, we cannot say that the use or operation of the sound system could never constitute the operation of a public building within the meaning of 14 M.R.S.A. § 8104–A(2) (Supp.1998).

The entry is:

Judgment affirmed.

---

**2.** See, for example, *Webb v. Haas*, in which we affirmed an interlocutory order by the trial court denying the defendant's motion to dismiss under Rule 12(b)(6), *see* 665 A.2d 1005, 1008–11 (Me.1995), but later mandated entry of summary judgment after the defendant's second appeal, based in part on a determination that the defendant was entitled to qualified immunity under 42 U.S.C. § 1983. *See* 1999 ME 74, ¶ 10, 728 A.2d 1261, 1266.