STATE OF MAINE
OXFORD, ss.



SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-10

RECEIVED AND FILED
APR 19 2000
Don...
CLER...S

JOYCE HARDING, individually and
on behalf of TOMMY HARDING,

      Plaintiff

      v.

SCHOOL ADMINISTRATIVE DISTRICT
NO. 17, et al.,

      Defendants

ORDER ON INDIVIDUAL
DEFENDANTS' MOTION TO
DISMISS AND PLAINTIFF'S
MOTION TO AMEND
TDW -OXF - 4│19│2000.

DONALD L. GARBRECHT
LAW LIBRARY

MAY 4 2000

Before the court is a motion filed by defendants Mark Eastman, superintendent of SAD No. 17, Philip Blood, principal of Oxford Hills High School, and John Peacock, assistant principal of Oxford Hills High School, to dismiss the complaint based on the discretionary immunity contained in 14 M.R.S.A. §8111(1)(C) (Supp. 1999). In response plaintiff has filed a motion to amend the complaint to specifically allege -- in a new Count II -- that the conduct complained of by the individual defendant school officials involved ministerial rather than discretionary acts. Regardless of the outcome of these motions, the case will proceed as against SAD No. 17 because that entity apparently has insurance that precludes a claim of discretionary immunity. See 14 M.R.S.A. §8116 (Supp. 1999).

At the outset, counsel for plaintiff stated at the motion hearing that the motion to amend had only been filed out of an excess of caution and that plaintiff's primary position is that she should be given an opportunity to prove (or at least to offer facts in opposition to a motion for summary judgment) that the actions

complained of were ministerial rather than discretionary. The court agrees that the motion to amend is unnecessary and denies the motion on that ground. A motion to dismiss should not be granted unless it appears beyond doubt that "plaintiff is entitled to no relief under any set of facts he might prove in support of his claim." E.g., Richards v. Soucy, 610 A.2d 268, 270 (Me. 1992). Accord, Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Here, if it would be possible to prove that the actions complained of were not discretionary, plaintiff can defeat the motion to dismiss without any need to amend.

In her opposition to the motion to dismiss, plaintiff has in fact submitted various factual materials almost as though she were opposing a motion for summary judgment -- although counsel for plaintiff noted at the motion hearing that she would have offered additional factual material if presented with a motion for summary judgment.

The court's review of the papers submitted by both parties on the motion suggests to the court that it is likely that discretionary immunity is applicable to the claims against all three individual defendants in this case. In deed, at the motion hearing, counsel for plaintiff conceded that plaintiff's claims against defendant Eastman were based on his actions in connection with the creation and implementation of policies and procedures with respect to school discipline and that plaintiff's claims against defendant Blood were based on his actions in connection with implementing such policies and assuring that they were followed. In both cases, discretionary immunity would appear to be squarely applicable.

2

However, at the motion hearing counsel for plaintiff distinguished plaintiff's claim against Peacock from her claims against Eastman and Blood, arguing that, unlike Eastman and Blood, Peacock was personally made aware of past harassment directed at Tommy Harding and failed to suspend the other student responsible. Counsel for plaintiff further argued that under the circumstances, Peacock had no discretion and was required to suspend the student in question.

In the court's view, decisions on whether to impose discipline and what form of discipline, if any, should be imposed are quintessential functions calling for the exercise of judgment and discretion. Nevertheless, the court agrees with plaintiff that this is not an issue that should finally be decided on a motion to dismiss but should instead be considered in the extent of a motion for summary judgment. See Bussell v. City of Portland, 1999 ME 103 ¶2, 731 A.2d 862, 862-63.

The court notes that the school policies proffered by plaintiff in opposition to the motion to dismiss appear to make disciplinary decisions (and particularly suspension decisions) discretionary.[1] However, given counsel for plaintiff's statement that plaintiff would offer additional facts in opposition to summary judgment, the court concludes that plaintiff should be offered an opportunity to offer further evidence because the issue necessarily requires an evaluation of the facts and therefore should not be decided on a motion to dismiss.

---

[1]    See Exhibit C to plaintiff's Opposition to Motion to Dismiss. By way of example, the hazing policy notes that offenders "may be subject to disciplinary action which may include suspension" (emphasis added).

3

Accordingly, the motion to dismiss is denied as to defendant Peacock without prejudice to the filing of a motion for summary judgment on his behalf. Notwithstanding any deadline that might otherwise exist, defendant Peacock may file such a motion within 30 days of the date of this order.

Based on counsel's statements at the hearing on the motion to dismiss, the court understands that plaintiff concedes that the only facts that plaintiff would propose to offer with respect to defendants Eastman and Blood all concern their role in the creation, promulgation and implementation of policies relating to discipline and the protection of students and on that basis the motion to dismiss is granted with respect to defendants Eastman and Blood.[2] However, if plaintiff contends that she proposes to offer evidence demonstrating ministerial acts or omissions by Eastman and Blood, she may seek to amend this order within 15 days.

The clerk is directed to incorporate this order into the docket by reference.

Dated: April _14_, 2000

_____
Thomas D. Warren
Justice, Superior Court

---

[2]  At the motion hearing counsel for plaintiff also quite properly conceded that claims against Eastman and Blood in their individual capacities could not be based on respondeat superior but only upon claims alleging personal acts or omissions on their part. For respondeat superior purposes, the superior in this case is SAD #17, as to whom plaintiff's claims are unaffected by this order.

4