STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-38

JRH - Ke. - N

THOMAS C. THOMPSON, JR.,

Plaintiff

v.

DECISION AND ORDER

STATE OF MAINE, MAINE
DEPARTMENT OF INLAND
FISHERIES AND WILDLIFE,
MAINE WARDEN SERVICE,
MAINE ARMY NATIONAL
GUARD, AND MAINE ARMY
NATIONAL GUARD'S 112th
MEDICAL/MEDIVAC COMPANY,

Defendants

## I.    Introduction.

This matter is before the court on the defendants' motion to dismiss which asserts that the plaintiff's complaint fails to state a claim upon which relief can be granted. M.R. Civ. P 12(b)(6). More particularly, the defendants claim that they are immune from suit in this matter and that the plaintiff has failed to adequately plead, allege, or cite an exception to immunity that would be effective in overcoming this defense.

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994). In the process of testing a complaint's legal sufficiency, a court is to view the material allegations as admitted, *id.*, and may enter a dismissal, "only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Hall v. Bd. of Environmental Protection*, 498 A.2d 260, 266 (Me. 1985). Moreover, an

affirmative defense such as immunity may be raised by a motion to dismiss only "if facts giving rise to the defense appear on the face of the complaint." *Shaw v. Southern Aroostook Community School District, et al.*, 683 A.2d 502, 504 (Me. 1996).

## II.  Facts.

The material allegations in the complaint may fairly be restated as follows:

On the afternoon of March 13, 1999, the plaintiff, Thompson, was operating his snowmobile on a trail in rural Somerset County which was owned by the State and controlled by the Department of Inland Fisheries and Wildlife (IFW) or the Maine Warden Service (MWS).  He became involved in an accident which caused him a variety of serious injuries.

The defendants endeavored to rescue the plaintiff and used vehicles, snowmobiles and aircraft in this effort.  Because, it is claimed, the defendants were negligent in the ownership, maintenance and use of these various conveyances, the rescue was delayed, and the defendants' serious injuries were aggravated by the passage of time and exposure to the cold.

The complaint makes clear that the defendants are state agencies and that any liability is grounded in the Maine Tort Claims Act (MTCA) (14 M.R.S.A. §§ 8101-8118).

Although not alleged in the complaint, the plaintiff cites further facts in his reply memo to the pending motion which assist in clarifying his claim of negligence.[1]  He says there that the National Guard failed to fuel its rescue helicopter fully so that it

---

1 These additional factual allegations might, under the rule, M.R. Civ. P. 12(b), serve to convert the motion into one for summary judgment. But, it is unnecessary to turn to that more complex dispositive creature of our civil rules because, first, the defendants have advised the court that even if these facts are true, it does not affect their argument. Defendants' Reply Memorandum, p. 3. Second, there is no reason to expect that summary judgment proceedings would further assist in the court's determination of the narrow question presented by the motion, namely whether or not this case falls within an exception to the immunity doctrine.

could have located the plaintiff whom they were having difficulty in finding. He also asserts that the Warden Service's rescue units and machines (snowmobiles) were equipped with inadequate radios which did not permit contact with "base units." He tells the court that the MWS used maps and the National Guard used an incompatible coordinate system so that the latter could not locate the point at which they were to extract the plaintiff. Finally, he says that the MWS and the National Guard also had incompatible radio systems so that they could not communicate with each other, further hampering the plaintiff's extraction. The plaintiff advises that the defendants' "machines and ground rescue units" were "equipped" with these maps and radio systems which hobbled the rescue effort.

In no place does the plaintiff allege that he was harmed by any vehicle operated by the defendants.

## III. Discussion.

Except as otherwise provided in the MTCA, all government entities are immune from suit on any and all tort claims which seek recovery of damages. 14 M.R.S.A. § 8103. There are four exceptions, however, under which a governmental entity can be held liable for bodily injury. 14 M.R.S.A. § 8104-A.

One of these, the vehicle use exception, 14 M.R.S.A. § 8104-A(1), is relied on by the plaintiff as the basis on which he may pursue his claim. That section reads in pertinent part, "A governmental entity is liable for its negligent acts or omissions in its ownership, maintenance or use of any motor vehicle, . . . special mobile equipment, . . . aircraft, . . . snowmobiles, . . . and other machinery or equipment, whether mobile or stationary." The application of this exception involves the principle "that immunity is the rule and exceptions to immunity are to be strictly construed." *New Orleans Tanker v.*

3

*Dep't of Transportation*, 1999 ME 67, ¶ 5, 728 A.2d 673, 675. So, for example, the reference to "other machinery or equipment, whether mobile or stationary," requires that the risk attendant to the negligent use of such items be comparable to the risk resulting from the negligent use of the vehicles listed in section 8104-A(1), namely, items which are capable of transportation, are mobile, and likely to come into contact with the general public. *Id.*, ¶¶ 6, 8. Maps, geographical coordinate systems and police, rescue or military radio systems are, of course, not items capable of transportation comparable to those listed at section 8104-A(1). Indeed, the plaintiff's complaint with reference to these items is not that they were negligently owned, maintained or used, but, rather, suggests that it was negligent for these agencies to equip vehicles that may be used in rescue operations with equipment that cannot be used in a coordinated way. The choice of such equipment may invoke discretionary function immunity,[2] but, more to the point, does not create an exception to generalized immunity for negligent acts or omissions in the State's ownership, maintenance or use of "transportation devices." *Id.*, ¶ 8.

That being so, the selection and use of maps, radios and the like aside, the question becomes, has the plaintiff effectively alleged in his complaint that his injuries were caused by the defendants' negligent use of motor vehicles, snowmobiles or aircraft, i.e., the transportation devices, involved in this case? In answering this question in the negative, the court is mindful of the Law Court's admonition to parties to be sparing in the use of M.R. Civ. P. 12(b)(6) when it requires an analysis of a claimed exception to government immunity. *Bussell v. City of Portland*, 1999 ME 103, ¶ 2, 731

---

[2] The State in its memoranda asks the court to defer any consideration of discretionary immunity because it believes the plaintiff can rely on no exception to the State's immunity as argued in this motion. Defendants' Memorandum, p. 6, n.3; Defendants' Reply Memorandum, p. 3, n.2.

A.2d 862, 863. However, in this instance, even with the further facts alleged in the plaintiff's memorandum, it is clear that the real allegation of negligence, the gravamen of the plaintiff's claim, is not the defendants' negligent operation, use or maintenance of its vehicles, but, rather, its negligent execution of a rescue operation. This alleged failure, and the aggravation to the plaintiff's injuries, in no way entails negligent use, maintenance, or operation of vehicles as a causative factor. Nothing in the complaint alleges the vehicles, snowmobiles or helicopters were operated, used or maintained negligently; instead it alleges, in effect, that their use and coordination were inept due to the absence of appropriate equipment which would have helped to expedite the rescue, and that this circumstance, instead, caused the plaintiff harm. So, while there may be a duty by the State to execute rescue operations with due care, the Legislature has not yet created such an exception to the State's immunity which is therefore to be viewed as the rule. *New Orleans Tanker*, 1999 ME 67, ¶ 5, 728 A.2d at 675. Accordingly, because there is no exception to immunity permitting a recovery for a negligently executed rescue, the complaint can go no further as it fails to effectively set forth any exception to the defendants' immunity.

While it is unnecessary to do so, two other assertions by the defendants in support of their motion to dismiss ought to be briefly addressed. The first of these is that the defendants are immune because the activities of the state military force are protected from liability when it is on active duty pursuant to Title 37B or 32 of the United States Code. If applicable, of course, this immunity provision would not protect IFW and MWS. Also, nothing in the brief record on this matter advises the court whether or not the National Guard personnel operating the helicopters were on active duty pursuant to the federal statute, or, for that matter, were civilian as opposed to

5

military employees of that state agency. Given these significant questions, the court cannot find that the events in question in this case fall within the immunity provision found at 14 M.R.S.A. § 8104-B(5) which is designed to protect acclivities of the State's military forces from liability. Accordingly, the motion to dismiss cannot be granted on this basis.

The defendants also say they are immune from liability pursuant to our "good samaritan" statute, 14 M.R.S.A. § 164. This statute, however, as it may be applied in this case, would protect only members or employees of a "governmental ambulance, rescue or emergency unit." *Id.* No such members or employees have been sued here. Instead, the plaintiff has brought this action against governmental entities which are unnamed in this statute. That being so, the court must conclude that the "good samaritan" statute is inapplicable and also cannot serve as a basis to dismiss this action.

## IV. Conclusion.

The clerk will make the following entry:

Motion to Dismiss is GRANTED; the case is DISMISSED.

So ordered.

Dated: November _16_, 2001

John R. Atwood
Justice, Superior Court

6

Date Filed __3/9/01__ ___Kennebec___ Docket No. __CV01-38__

County

Action __Other Negligence__

Thomas C. Thompson, Jr.                        VS. State of Maine, Dept. of IF&W, Maine Warde

| Plaintiff's Attorney | Defendant's Attorney Serv., Me.Army Nation'l Gd |
|---|---|
| | & Me. Army Nation'l Gd.'s 112th Med./Mediv |
| James G. Goggin, Esq. | Co. |
| One Portland Square | Andrew S. Hagler, AAG |
| Portland, Maine 04112 | 6 State House Station |
| | Augusta, Maine 04330-0006 |

| Date of Entry | |
|---|---|
| 3/9/01 | Complaint and Jury Demand, filed. s/Goggin, Esq. Case File Notice mailed to atty. |
| 3/14/01 | Motion to Admit Robert J. Gilbert, Esq. Pro Hac Vice, filed. s/Goggin, Esq Motion to Admit Edward J. Denn, Esq. Pro Hac Vice, filed. s/Goggin, Esq. |
| 3/16/01 | Original Summons with service made on Donald Thrasher on 3/12/01, filed. |
| 3/21/01 | Original Summons with service made on Department of Inland Fisheries and Wildlife on 3/13/01, filed. |
| 3/21/01 | Original Summons with service made on Department of Attorney General on 3/13/01, filed. |
| 3/23/01 | MOTION TO ADMIT ROBERT J. GILBERT, ESQ. PRO HAC VICE, Studstrup, J. (signed 3/22/01) Motion granted and Ordered that Mr. Gilbert is admitted pro hac vice. Copy mailed to atty. of record. |
| | MOTION TO ADMIT OF EDWARD J. DENN, ESQ. PRO HAC VICE, Studstrup, J. (signed 3/22/01) Motion granted and Ordered Mr. Denn is admitted pro hac vice. Copy mailed to atty. of record. |
| 3/28/01 | Defendants' Motion to Dismiss, filed. s/Hagler, AAG  (filed 3/27/01) Memorandum of Law in Support Defendant's Motion to Dismiss, filed. s/Hagle AAG    (filed 3/27/01) Request for Hearing, filed. s/Hagler, AAG Proposed Order, filed. Affidavit of Service, filed. s/Hagler, AAG |
| | Letter entering appearance, filed. s/Hagler, AAG |