STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss.                                     CIVIL ACTION
                                                  DOCKET NO. AP-01-80
                                                  DHM-KEN-5/31/2002

MARY ELLEN GEARY,

          Petitioner

     v.                                           DECISION AND ORDER

STATE OF MAINE,
DEPARTMENT OF BEHAVIORAL                          DONALD L. GARBRECHT
AND DEVELOPMENTAL SERVICES,                       LAW LIBRARY

          Respondent                              JUN 17 2002


          This matter is before the court on respondent's motion to dismiss the petition for

review of final agency action filed pursuant to M.R. Civ. P. 80C and 5 M.R.S.A. § 11001.

At issue before the court is whether the decision of a private mental health facility may

be considered "final agency action" for the purposes of judicial review. Based on the

rationale discussed below, this court finds that the decision of Spring Harbor hospital

dismissing the petitioner's grievance is not reviewable by this court as a "final agency

action."


I.     Facts and Procedural History

          As this decision is predicated upon the State's motion to dismiss, the court will

consider the material allegations of the petition as admitted. *Bussell v. City of Portland*,

1999 ME 103, ¶ 1, 731 A.2d 862. The facts presented in the petition are as follows. In

May, 2001, petitioner Mary Ellen Geary was a psychiatric patient at Spring Harbor

hospital, a private institution in South Portland. She had been involuntarily committed pursuant to 34-B M.R.S.A. §§ 3861-3871 (Supp. 2001). Geary alleges that while she wasbeing transferred from one area of the hospital to another, she fell and broke her knee. She claims Spring Harbor failed to properly respond to her condition and her knee was not x-rayed until six days after the fall when it was finally discovered to be broken.

Geary filed a grievance, through counsel, alleging that the medical treatment she received violated her rights under the Rights of Recipients of Mental Health Services (RRMHS).[1] Her Level I grievance was denied by Spring Harbor who maintained that the level of treatment Geary received was the same as that of other similarly situated patients. Spring Harbor characterized her complaint as improper under the RRMHS and suggested it be brought as one for professional negligence under the Maine Health Security Act, 24 M.R.S.A. §§ 2501-2511. Record, Ex. C.

Geary then filed a Level II grievance by appealing to the chief administrative officer of the facility pursuant to Sect. VII (G)(9)(a)(v) of the RRMHS. The CEO of Spring Harbor responded to Geary's Level II grievance, without hearing, by finding the grievance was "without apparent merit" and did not properly lie under the RRMHS. Record, Ex. E.

Section VII (J)(3)(c) of the RRMHS provides that "grievances without apparent merit may not be appealed administratively beyond Level II. This dismissal constitutes

---

[1] The Rights of Recipients of Mental Health Services is a set of rules promulgated pursuant to the Maine Administrative Procedures Act, 34-B M.R.S.A. § 3003 (1988 & Supp. 2001). The RRMHS includes a guide for grievance procedures for any recipient who feels their basic rights have been violated The grievance process follows three sequential levels: Level I requires a grievance be filed with the supervisor of the unit or program; Level II grievances are addressed by the administrator of the facility and; Level III grievances are appealed to the Commissioner of the Department of Behavioral and Developmental Services. RRMHS, Sect. VII(G)(2).

final agency action." Geary claims she is aggrieved by this denial of a Level III hearing and relies on language from the RRMHS that provides "if no hearing was held at Level II, a hearing shall be held at Level III." RRMHS, Sect. VII(G)(9)(c)(ii). Based upon the language from section VII(J)(3)(c) referring to the dismissal of a Level II grievance as "final agency action," Geary has filed a petition for judicial review of that decision pursuant to M.R. Civ. P. 80C.

The State now moves to dismiss the petition based on the argument that it was not a party or participant in the matter appealed from and is therefore an improper respondent in the present appeal.

## II.    Discussion

The State argues in its motion to dismiss that it cannot be a party to an appeal where it took no part in the decision below. To further bolster this argument, it points out that it cannot file a certified record as required for review of agency decisions pursuant to M.R. Civ. P. 80C(f) and 5 M.R.S.A. § 11005.

Geary argues that Spring Harbor's decision is attributable to the State because the rule empowering the CEO of Spring Harbor to dismiss the grievance was promulgated by the same agency now named as respondent. In response to the State's argument concerning the administrative record, Geary contends that the Administrative Procedures Act provides for just such an occurrence at 5 M.R.S.A. § 1106(1)(D), which states:

> In cases where an adjudicatory proceeding prior to final agency action
> was not required, and where effective review is precluded by the absence
> of a reviewable administrative record, the court may either remand for
> such proceedings as are needed to prepare such a record or conduct a
> hearing de novo.

3

Geary asserts the State may certify that they have no record, which would leave her free to request the relief provided above.

The court is now faced with three options: dismiss for lack of jurisdiction, impute agency status to Spring Harbor, or find the Department of Behavioral and Developmental Services responsible for the Spring Harbor decision. The petitioner argues in support of the latter of these three options and urges the court to cloak the decision of Spring Harbor with the garb of state action for purposes of this 80C appeal.

As an initial matter, the court looks to the statutes for help in clarifying the relevant definitions. Under the Maine Administrative Procedures Act, any person who is aggrieved by final agency action is entitled to judicial review. 5 M.R.S.A. § 11001(1). "Final agency action" is defined as "a decision by an agency which affects the legal rights, duties or privileges of specific persons, which is dispositive of all issues, legal and factual, and for which no further recourse, appeal or review is provided within the agency." 5 M.R.S.A. § 8002(4). "Agency" is defined by statute to mean "any body of State Government authorized by law to adopt rules, to issue licenses or to take final action in adjudicatory proceedings, including, but not limited to, every authority, board, bureau, commission, department or officer of the State Government so authorized . . . " 5 M.R.S.A § 8002(2). Under the plain meaning of the language laid out above, there is no indication that the actions of Spring Harbor fit within the parameters of final agency action under the Maine APA.

While regulations cannot supercede contradictory statutory language, the court next turns to the language of the RRMHS itself for guidance. Notwithstanding the "final agency action" language from section VII of the RRMHS, which was drafted in

4

1984 when very few psychiatric units existed outside the state-run Bangor Mental Health Institute and Augusta Mental Health Institute, the only direct reference to state authority over private entities is contained in Part A, Section I, the Statement of Intent. It reads, in relevant part, "[p]rocedural mechanisms that exist to ensure enhancement of these rules include the licensing authority of the Department of Mental Health and Mental Retardation pursuant to 34-B M.R.S.A § 1203-A, the grievance and complaint procedures set forth in these rules, and the Department's contracting authority." It is reasonable to conclude from this language that, in the absence of a contract between the State and Spring Harbor, the only avenue left open to the petitioner concerning her grievance lies with the State's licensing authority over Spring Harbor. To conclude otherwise and regard the decision of Spring Harbor as a state action would then lead to enforcement of the court's remedy by the Commissioner of BDBS, limited by licensing considerations.

Lastly, the court looks to the common law for an indication of whether Spring Harbor may be considered a state actor for purposes of judicial review. *See, e.g., Staples v. Bangor-Hydroelectric Co.*, 561 A.2d 499 (Me. 1989) (affirming dismissal of plaintiff's due process claim because defendant's act of termination did not constitute "state" action). *See also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477, 484 (1974) (whether the action of a regulated entity is "state" action depends on "whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself."). The cases are largely premised on due process violations or § 1983 claims for which the courts have created tests in order to fairly attribute the actions of a private entity to the State.

Geary urges the court to follow a test laid out by the Supreme Court in *Blum v. Yaretsky*[2] which outlines three areas for the court to consider regarding whether a private party has committed a state action. In *Blum*, the Court held that private nursing home patients receiving Medicaid had failed to show that the nursing homes decisions regarding discharges and transfers rose to the level of state action for purposes of 14th amendment due process protection. The first prong of the *Blum* test requires a showing of "sufficiently close nexus" between the State and the challenged action of the regulated entity. *Blum,* 457 U.S. at 1004. Geary contends that the RRMHS, by their very existence and prescribed grievance procedures, provide the nexus required here. The second prong of *Blum* requires a showing that the State has exercised such coercive power or provided such significant encouragement that the decision by the private entity must "in law be deemed to be that of the State." *Id.* Mere approval of or acquiescence in the private party's actions is sufficient to meet this prong. *Id.* Geary argues that the phrasing of the RRMHS that deems the finding of a grievance without apparent merit to be a "final agency action" satisfies this prong. The third part of the test provides that the "required nexus may be present if the private entity has exercised powers that are 'traditionally the exclusive prerogative of the State.' " *Id.* (citing *Jackson v. Metropolitan Edison*, 419 U.S. 345, 353 (1974). Geary maintains that a decision which becomes a "final agency action" is an unmistakable exercise of a power that is traditionally the prerogative of the State.

The three-prong *Blum* test is not adequately met here. In *Blum* the Court focused on the standards underlying the decisions and found no state action when the

---

[2] 102 S. Ct. 2777, 73 L. Ed. 2d 534 (1982) (nursing home decision to discharge or transfer Medicaid patients did not rise to level of state action).

determination turned on judgments "made by private parties according to professional standards that are not established by the State." *Blum*, 457 U.S. at 1008. Similarly to the facts in *Blum*, the decision made here by Spring Harbor was by a private party based on medical judgments and according to common law professional standards that have not been established by the State. While the RRMHS establishes a framework for the filing of grievances in both public and private institutions, it cannot be read so broadly as to insinuate the State into a position where it becomes a "joint participant' in the process. *See Jackson v. Metropolitan Edison*, 419 U.S. at 357-58. The RRMHS Statement of Intent provides that the rules are intended to "ensure treatment consistent with ethical and professional standards." RRMHS, Part A, Sect I. If anything, this is simply a restatement of the standard regarding the duty of care under most professional negligence actions. Likewise, the prescribed levels of grievance procedures contained in the RRMHS should not be construed as an exercise of coercive power as required under *Blum*. The Court in *Blum* noted that extensive regulation and funding mechanisms for private parties are not enough to transform that party's decisions into state action. *Blum*, 457 U.S. at 1011. The substantive decisions made in the course of those proceedings are entirely the decisions of the private hospital and cannot be said to be decisions made under color of state law.

The use of the phrase "final agency action" in section VII (J)(3)(c) of the RRMHS, by this court's reading, has selective application; it provides for judicial review of Level II grievance procedures undertaken by public mental health institutions, but not to those performed by private actors. The petitioner has exposed a hole in the statutory patchwork that makes up Maine's mental health regulation. Unfortunately, it is the Legislature and not the courts who possess the authority necessary to mend the

7

problem brought to light by this case.

## III. Conclusion

Therefore, for all the reasons above, the entry shall be:

State's Motion to Dismiss is GRANTED; Petition for review of final agency action is DENIED.

Dated: May _3/_ , 2002

Donald H. Marden
Justice, Superior Court

8

Date Filed __11/16/01__ __Kennebec__ Docket No. __AP01-80__
County

Action __Petition for Review__
80C

Mary Ellen Geary                    vs.   State of Maine, Dept. of Behavioral and

| Plaintiff's Attorney | Defendant's Attorney Development Services |
|---|---|
| Mark C. Joyce, Esq.<br>24 Stone Street<br>P.O. Box 2007<br>Augusta, Maine 04338-2007 | Christopher C. Taintor, Esq. (Spring Harbor)<br>415 Congress Street<br>P.O. Box 4600<br>Portland, Maine 04112-4600<br><br>Katherine Greason, AAG (State of ME)<br>Department of Attorney General<br>6 State House Station<br>Augusta ME 04333-0006 |

| Date of Entry | |
|---|---|
| 11/16/01 | Petition for Review, filed. s/Joyce, Esq. (attached exhibits A-E)<br>Certificate of Service, filed. s/Joyce, Esq.<br>Application of Plaintiff to Proceed without Payment of Fees, filed.<br>s/Mary Ellen Geary<br>Petitioner's Affidavit in Support of Application for Leave to Proceed<br>in Forma Pauperis, filed. s/Mary Ellen Geary |
| 11/28/01 | ORDER ON APPLICATION TO PROCEED WITHOUT FEES, Marden, J. (dated 11/26/01)<br>Copies mailed to atty of record. |
| 11/30/01 | Notice of Appearance, filed. s/Taintor, Esq. |
| 12/31/01 | Entry of Appearance of Katherine Greason, AAG on behalf of State of<br>Maine Department of Behavioral and Developmental Services, filed. s/K.<br>Greason, AAG. |
| 12/31/01 | Motion to Dismiss, filed. s/K. Greason, AAG. |
| 1/22/02 | Petitioner's Opposition to Motion to Dismiss and Incorporated Memorandum<br>of Law, filed. s/Joyce, Esq. |
| 3/7/02 | Hearing had on Motion to Dismiss held on 3/6/02 with Hon. Justice Donald<br>Marden, presiding. Tape #601 Index 1967-3040.<br>Mark Joyce, Esq. for the Plaintiff. Katherine Greason, AAG for the State<br>and Christopher C. Taintor, Esq. for Defendant Spring Harbor.<br>Oral arguments made to the court. Court to take matter under advisement. |
| 6/3/02 | DECISION AND ORDER, Marden, J. (dated 5/31/02)<br>State's Motion to Dismiss is GRANTED; Petition for review of final agency<br>action is DENIED.<br>Copies mailed to attys of record.<br>Copies mailed to Deborah Firestone, Garbrecht Library and Goss.<br><br>Notice of removal of record mailed to attys. |