STATE OF MAINE

SAGADAHOC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-002
URA - SAG - 4/30/2---

JOSEPH McCOLE, *et al.*,
and LOCAL 1611
INTERNATIONAL ASSOCIATION
OF FIREFIGHTERS,

      Plaintiffs

      v.

CITY OF BATH,

      Defendant

**DECISION AND ORDER**

DONALD L. GARBRECHT
LAW LIBRARY

MAY 5 2003

## I.    Introduction.

This matter is before the court on the defendant's motion to dismiss the plaintiffs' M.R. Civ. P. 80B complaint. In this complaint, the four individual plaintiffs, all Bath firefighters, allege that the defendant violated its ordinances by the city manager's appointment of the deputy fire chief without following the procedures of the Personnel Service Commission (PSC). Local 1611 of the International Association of Firefighters ("union") complains in count II that the appointment of the deputy fire chief is of importance because the person who holds this position makes decisions affecting safety and working conditions in the Bath Fire Department. Accordingly, the union alleges that the defendant must adhere to the city's competitive selection process so that the most qualified person is appointed to this position.

The defendant has expressed the bases for its motion in five arguments which will be addressed in the order they are recited in the motion. The plaintiffs' reply appropriately objects to these arguments in the same order, but also asks the court to enter summary judgment in their favor. The court will deny this request because the

APR 3 0 2003

plaintiffs, as movants, have failed to comply with M.R. Civ. P. 7(b)(1)(A), (B) in that the motion lacks the 21-day notice and the special warning to an opponent when summary judgment is sought. As important, the plaintiffs rely on a "Reply Statement of Material Facts" which does not "reply" to any undisputed statement of material facts filed by the defendant and cites to "facts" which are alleged in its complaint, but denied by the defendant in its answer. Such are obviously facts in dispute in the case and would not support favorable action on the plaintiffs' arguments that they are entitled to judgment as a matter of law on *undisputed* material facts as M.R. Civ. P. 56(c) prescribes.

## II.    Timeliness of Appeal.

In a letter distributed on January 24, 2002, the Bath city manager wrote to a variety of city officials reciting, inter alia, his recommendation of Alan Douglas to the position of deputy fire chief. On the same date a bulletin was posted on Fire and Rescue Department stationery and distributed to members of the Fire Department. It read, in pertinent part, as follows: "New Assignments. Alan Douglas Promoted to Deputy Fire Chief. Effective Date: February 1, 2002."

The complaint was filed in this case on February 26, 2002. Because this is one day beyond the 30-day appeal period prescribed at M.R. Civ. P. 80B(b) which would begin to run on January 24, 2002, the defendant argues that the appeal is too late and must be denied. The plaintiffs counter that the appeal period should be calculated from the effective date of the appointment, February 1, 2002, so that an appeal filed on February 26, 2002, would be timely.

A fair interpretation of the documents in question supports the defendant's argument. While the city manager's letter speaks in terms of a "recommendation," it can only be read as his appointment of a deputy fire chief. That is because, by the terms of the City Charter, sec. 302, he is the appointing authority of all officers and employees

2

of the city. *See also* Bath City Charter, sec. 401(B). The fact that the deputy fire chief position is within the city's "competitive class" of personnel so that appointment to such a job by the city manager is to follow examination and the development of a list of eligible candidates by the PSC does not affect the particular that the city manager has the sole authority to appoint and makes recommendations to no other person or board to fill a position. Thus, while the letter of January 24 uses the word "recommendation," and the bulletin announcing the appointment gives a later effective date, these documents reflect a decision by the city manager to appoint Alan Douglas as deputy fire chief which was communicated to city officials and fire department employees that day. The alleged circumstance that the manager circumvented the PSC procedures to make this appointment, while providing a basis for potential relief under M.R. Civ. P. 80B, does not alter or affect the running of the appeal period under this rule. Thus, while it may be correct that the manager should have solicited nominees from the PSC before appointing a deputy fire chief, his action was not a "recommendation" to them or any one else for this appointment. He, not the commission or any other Bath official, is the decision-maker and it is his decision which is to be the subject of this appeal or any other appeal of a personnel appointment under Bath's City Charter. From the record, it is plain that this decision was rendered on January 24, 2002, so that any appeal of that action had to have been entered on February 25, 2002, the day before the appeal was filed.

The court is mindful that the dismissal of a complaint for missing the appeal period by one day is a harsh consequence for such a minor misstep in prosecuting an administrative appeal. However, compliance with the time limit to file an appeal is a prerequisite for the court to exercise its jurisdiction and favorable inferences are not to be made to permit an appellant to avoid the consequences of a motion to dismiss when

3

there is a challenge to the jurisdiction of the court. *Persson v. Dep't of Human Services*, 2001 ME 124, ¶ 8, 775 A.2d 363, 365. Indeed, the requirements of perfecting an appeal are jurisdictional "and require strict compliance." *Rice v. Amerling*, 433 A.2d 388, 391 (Me. 1991)(citations omitted). So, even though the plaintiffs missed the appeal period by one day, and have misinterpreted the import of the city manager's action, they are allowed no leeway in meeting the preconditions of pursuing an appeal in this court. Because they have not met an indispensable condition for an appeal of an administrative decision, the case must be dismissed on the basis here cited.

## III. Standing.

Even though this case must be dismissed because the court lacks jurisdiction to consider its merits, it is worth addressing briefly the remaining grounds for dismissal.

In its second argument to support dismissal of the complaint, the defendant argues that neither the individual plaintiffs nor the union have standing to appeal the city manager's appointment of the deputy fire chief.

To have standing, a party must demonstrate a particularized injury which can be established by a showing that a decision "adversely and directly affects the party's property, pecuniary or personal rights." *Gaynor v. McEachern*, 437 A.2d 867, 871 (Me. 1981)(citations omitted). According to our Law Court, there is no property interest in employment so that one has a right to a job in public employment. *Hammond v. Temporary Compensation Review Board*, 473 A.2d 1267, 1272 (Me. 1984). Instead, an employee "must be able to point to existing law or rules . . . wherein his claims of entitlement are secured and may be supported." *Id.* (citation omitted). In the court's view, because of the favorable reading that is to be afforded to a complaint when subject to a motion to dismiss on other than jurisdictional grounds, the individual plaintiffs meet this test.

4

Taking the evidence to the light most favorable to these plaintiffs to determine whether their complaint "sets forth elements of a cause of action or alleges facts that would entitle [them] to relief pursuant to some legal theory," *Bussell v. City of Portland*, 1999 ME 103, ¶ 1, 731 A.2d 862, it is conceded that the plaintiffs are employees of the city and members of its fire department. As such, each individual plaintiff has a reasonable basis to argue that he had the right to take a promotional exam, be placed on an eligibility list, and, if "practicable and consistent with the best interest of the service," to fill the higher position of deputy fire chief in the competitive class. Code of City of Bath, Chapter 12, Personnel, secs. 12-304, 12-402, 12-408, 12-410(1). If it is true that the city manager bypassed these provisions, in the court's view, an aggrieved fire department employee can establish a property, pecuniary or personal interest in the appointment to the position of deputy fire chief because, by virtue of his employment with the city and the provisions of its code, he had a right to take an exam for the job and have his application given priority. If he was denied that right, his claim of entitlement ought to be considered by this court because this right is secured in the cited code provisions. *See Hammond*, 473 A.2d at 1272.

The union, however, cannot make this argument and has not established standing. While it is the bargaining agent for Bath's firefighters, it has no property right or pecuniary or personal interest in the appointment to a management position in Bath city government because, as it has acknowledged, it is a party to a collective bargaining agreement in which the city retains the exclusive right to promote. Moreover, as the parties have stipulated, the job of deputy fire chief is a non-bargaining unit position, the appointment to which is unaffected by the union contract.

The union nevertheless argues that standing flows from its role as an enforcer of, and advocate for, safe working conditions for firefighters which may be jeopardized if

5

the city does not follow its codified hiring processes. This attenuated argument, however, does not address the need to demonstrate the requisite property, pecuniary or personal interest that might be affected by a court decision in this matter. Because the union has failed to make that showing its role in this case as a party plaintiff must end.

## IV. Estoppel.

This contention by the defendant is related to its argument as to standing. Here it argues that the individual plaintiffs have elected to be represented in labor disputes with the city by its union, Local 1611 of the International Association of Firefighters. So, it is to be understood, because the city has retained the exclusive authority to promote, neither an individual firefighter nor the union have the right to intercede in the promotional process and must be estopped from claiming otherwise.

As recognized herein, however, each individual plaintiff/firefighter, as a city employee in the fire department, has an individual, personal or property right to apply for a promotion under the personnel chapter of Bath's code. The mere fact of union membership does not negate this right. Indeed, if it did, no union member of the city's competitive class of employees would be eligible for promotion via Bath's personnel code's provisions. Moreover, because the right to promote is entirely reserved to city management, and union membership or advocacy is entirely outside this process, the status of union membership is irrelevant. That being so, the circumstance that each individual plaintiff may be a union member does not estop him from applying for a promotion and attempting to enforce the city code which provides for job advancement procedures.

Conversely, as decided, *infra*, because the union has no standing because of its contract with the city to complain of its processes to promote into management ranks, the issue of estoppel need not be addressed as it is moot.

## V.    Exhaustion of Administrative Remedies.

The defendant also argues that if the plaintiffs had the right to contest management action in its appointment of a deputy fire chief, it failed to exhaust administrative remedies to do so. Such administrative action, the defendant says, would have to be pursued under the union contract, Article XV, Grievance Committee-Grievance Procedures. Because the plaintiffs failed to use these procedures, it is claimed, they have forfeited the right to proceed here to contest the city manager's action.

Article XV of the contract provides for final arbitration of a grievance but also provides that the arbitrator does not have the authority to depart from the contract itself, make an award that is contrary to law, or violate the conditions of the contract. Therefore, as has been discussed, infra, an arbitrator cannot affect a promotional decision to management because such a decision is outside the city/union agreement. That being so, recourse to an arbitrator could not constitute a source of an administrative remedy because it was unavailable to the plaintiffs. Indeed, had the plaintiffs grieved the appointment of the deputy chief under their contract, the grievance would have to be dismissed.

Although not argued, the defendant might also contend that the plaintiffs were required to turn to the PSC for relief before filing an appeal of an administrative action. Although the city code does not articulate how an employee is to complain to the PSC, it does advise that a grievance is to concern "some condition of employment" and is to be addressed to the department head, thence to the city manager whose decision is final. Code of City of Bath, Chapter 12, Personnel, sec. 12-617.

From this it may be learned that there is no appeal to the PSC, that appeals concern conditions of employment rather than promotional rights, and that the city

7

manager's decision is final. That being so, it appears there was no intra-governmental means to appeal a promotion decision and that the city's administrative processes were not bypassed by this appeal.

Finally, it is worth noting that the appeal here is from the action of the final administrative authority in Bath, the city manager. As discussed, *infra*, he is the appointing authority who needs no approval of his promotion decisions from any other city official or board. That being so, there were no other administrative processes for the plaintiffs to exhaust and their appeal to this court is therefore proper. That being so, this argument will not serve as a basis to dismiss the complaint.

## VI. Insufficiency of Process.

The defendant claims that the complaint ought to be dismissed because the summons was signed by the current court clerk's predecessor. The point ignores the defendant's acceptance of service which recites, "Signature of this document constitutes acceptance by the Defendant that the described pleading has been duly served as required by Maine law." Below this text appears the signature of defendant's counsel.

The argument is meritless.

## VII. Conclusion.

The complaint is to be denied as untimely filed. Plaintiffs' motion for summary judgment is also to be denied on its failure to comport with the requirements off M.R. Civ. P 7, 56.

The court also concludes the individual plaintiffs had standing to pursue this complaint and are not estopped from so doing. The union, however, did not have standing so the complaint as to them is to be dismissed on this basis also so that any issue as to estoppel as it may affect this party is moot.

8

The court concludes that the individual plaintiffs did not have administrative remedies to exhaust and properly turned to this court to appeal the city manager's action. The union had no standing so had no administrative remedies to exhaust.

The defendant accepted process in this matter which was proper.

The clerk is DIRECTED to make the following entries:

Motion to Dismiss is GRANTED; the case is DISMISSED.
Plaintiff's Motion for Summary Judgment is DENIED.

So ordered.

Dated: April 29, 2003

John R. Atwood
Justice, Superior Court

9