STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-06-296

CLAUDIA LJUNGGREN
and JON LJUNGGREN,

Plaintiffs

v.

ORDER ON MOTION

BUREAU OF HUMAN
RESOURCES, *et al.*,

Defendants

This matter is before the court on the State's motion to dismiss. Claudia and Jon Ljunggren ("Plaintiffs") have filed a complaint seeking to recover money damages for the State's alleged breach of contract for not reimbursing Claudia for the health insurance fees paid by her husband to cover her as a dependent under his plan when Claudia was entitled to free state health insurance under the terms of her disability retirement.

A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. *Plimpton v. Gerrard*, 668 A.2d 882, 885 (Me. 1995). When reviewing a motion to dismiss, the material allegations of the complaint are accepted as true. *Id.* In ruling on a motion to dismiss, the court should "consider the material allegations of the complaint as admitted and review the complaint in the light most favorable to the plaintiffs to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiffs to relief pursuant to some legal theory." *Bussell v. City of Portland*, 1999 ME 103, ¶ 1, 731 A.2d 862. Dismissal for failure to state a claim is appropriate only where it appears beyond doubt that the plaintiff is entitled to no relief

under any set of facts which he might prove in support of his claim. *Dutil v. Burns*, 674 A.2d 910, 911 (Me. 1996).

The State argues that the Plaintiffs claim is barred by the doctrine of sovereign immunity. "The Law Court has adopted the majority view that the sovereign, i.e., the State of Maine, is immune from suit and that it is 'necessary that the sovereign's consent to be sued be given by the Legislature, as the only appropriate body to speak in this regard on behalf of the sovereign.'" *Cote v. State of Maine*, PORSC-CV-02-297, 2002 Me. Super. LEXIS 152, *3 (Me. Super. Ct., Cum. Cty., Sept. 23, 2002) (Cole, J.) (quoting *Drake v. Smith*, 390 A.2d 541, 543 (Me. 1978).

However, "under *Drake*, the Law Court left open the possibility that the State could legislatively waive its sovereign immunity in a breach of contract claim by enacting a general scheme that contemplated such contracts." *Id.* Therefore, under the relevant analysis for a motion to dismiss, viewing the complaints allegations as true, the plaintiffs need to demonstrate that the statutory provisions providing state workers health insurance benefits were enacted under a general scheme that contemplated a contractual relationship between the state and the worker.

The plaintiffs rely on 26 M.R.S.A. § 979-D(1)(C), State Employee Labor Relations Act ("SERLA"), as the source of the State's consent to enter into a contractual relationship with its employees. The State argues that §979-D(1)(E), however, excludes from this contractual relationship (collective bargaining) "matters which are prescribed or controlled by public law." The State argues that health insurance benefits are specifically prescribed by 5 M.R.S.A. § 285, thus, these benefits cannot be a contractually negotiated. Therefore, the court cannot find that the Legislature has authorized the State, through SERLA, to enter into any contract with regards to health benefits, and the State has not waived its sovereignty.

The plaintiffs argue that SERLA authorized the executive branch to enter into binding agreements concerning state employees, which binding agreement obligated the state to provide health plan coverage under the terms of its language.

For purposes of the motion to dismiss, the material allegations of the complaint are accepted as true. Paragraph 17 of plaintiffs' complaint:

> The collective bargaining agreement in effect between the State of Maine and the American Federation of State, County and Municipal Employees, Institutional Services Unit (which covered Mrs. Ljunggren) as of March 17, 1998 and at the time Mrs. Ljunggren's application for disability retirement was granted in fact provided in Article 23, among other things, '[t]he State, shall provide health plan coverage for employees pursuant to Title 5 § 285.

While the State could not negotiate the terms of group health benefits because the statute defines eligibility, coverage, and payment, the State did contractually agree to provide the coverage pursuant to the statute. Therefore, the obligation to provide health plan coverage pursuant to Title 5 M.R.S.A. § 285 not only became a statutory obligation but also a contractual obligation pursuant to the Collective Bargaining Agreement.

The Union could not negotiate the terms of the health plan coverage. Control of the coverage and its terms is in the legislature pursuant to the statute. However, by inclusion of the language as stated, the State has created a term of the contract that it will comply with the terms of Title 5 M.R.S.A. § 285.

The terms of the statute cover both active employees and retired employees. 5 M.R.S.A. § 285(7). There is no reason for this court to conclude that the contract incorporating section 285 does not include rights of retirees under certain circumstances. The circumstance in question is whether Mrs. Ljunggren was considered an employee while she was entitled to Disability Retirement Benefits. Again, taking the terms of the complaint to be true, paragraph 12 provides:

> After Mrs. Ljunggren's Application for Disability Retirement Benefits was granted, she was required to resign from her position at AMHI to terminate her employment in order to commence receiving disability retirement benefits; Ms. Ljunggren resigned her position as required on or about March 23, 2000.

If Mrs. Ljunggren was not considered an employee under the terms of the contract, it would not have been necessary for her to resign her position some two years after she was unable to work and her application for Disability Retirement Benefits was granted.

Accordingly, the court is satisfied that the State negotiated a contract with its employees containing a provision obligating it to provide group health benefits in accordance with the terms of the statute. The terms of the statute are not negotiable by law but the State negotiated an obligation to provide whatever benefits are contained in the statute. Therefore, this court is satisfied that the legislature has waived sovereign immunity in the matter of breach of the Collective Bargaining Agreement; in fact, it has violated the Group Health Plan statute.

The entry will be:

Defendants' motion to dismiss is DENIED.

Dated: May____2____, 2007

Donald H. Marden
Justice, Superior Court

CLAUDIA LJUNGGREN  - PLAINTIFF
PO BOX 32
VIENNA ME 04360
Attorney for: CLAUDIA LJUNGGREN
DAVID SANDERS  - RETAINED 11/27/2006
PO BOX 271
LIVERMORE FALLS ME 04254


JON LJUNGGREN  - PLAINTIFF
PO BOX 32
VIENNA ME 04360
Attorney for: JON LJUNGGREN
DAVID SANDERS  - RETAINED 11/27/2006
PO BOX 271
LIVERMORE FALLS ME 04254



vs
BUREAU OF HUMAN RESOURCES - DEFENDANT
114 STATE HOUSE STATION,
AUGUSTA ME 043330114
Attorney for: BUREAU OF HUMAN RESOURCES
WILLIAM H LAUBENSTEIN III - RETAINED
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

DEPT OF ADMINISTRATIVE & FINANCIAL SERVICES - DEFENDANT
78 STATE HOUSE STATION,
AUGUSTA ME 043330078
Attorney for: DEPT OF ADMINISTRATIVE & FINANCIAL SERVICES
WILLIAM H LAUBENSTEIN III - RETAINED
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

STATE OF MAINE - DEFENDANT
OFFICE OF THE ATTORNEY GENERAL, 6 STATE HOUSE STN
AUGUSTA ME 043330006
Attorney for: STATE OF MAINE
WILLIAM H LAUBENSTEIN III - RETAINED
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006


Filing Document: COMPLAINT                    Minor Case Type: OTHER STATUTORY ACTIONS
Filing Date: 11/27/2006

## Docket Events:
11/27/2006 FILING DOCUMENT - COMPLAINT FILED ON 11/27/2006

11/27/2006 Party(s):  JON LJUNGGREN
           ATTORNEY - RETAINED ENTERED ON 11/27/2006
           Plaintiff's Attorney: DAVID SANDERS

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2006-00296

DOCKET RECORD

11/27/2006 Party(s): CLAUDIA LJUNGGREN
ATTORNEY - RETAINED ENTERED ON 11/27/2006
Plaintiff's Attorney: DAVID SANDERS


11/27/2006 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 11/27/2006


12/07/2006 Party(s): STATE OF MAINE
SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 11/28/2006
SERVED ON LINDA PISNER, CHIEF DEPUTY ATTORNEY GENERAL, FOR STATE OF MAINE


12/07/2006 Party(s): DEPT OF ADMINISTRATIVE & FINANCIAL SERVICES
SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 11/28/2006
SERVED ON REBECCA WYKE, COMMISSIONER, FOR DEPT OF ADMINISTRATIVE AND FINANCIAL SERVICES


12/07/2006 Party(s): BUREAU OF HUMAN RESOURCES
SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 11/28/2006
SERVED ON FRANK JOHNSON, EXECUTIVE DIRECTOR, FOR BUREAU OF HUMAN RESOURCES


12/18/2006 Party(s): BUREAU OF HUMAN RESOURCES,DEPT OF ADMINISTRATIVE & FINANCIAL SERVICES,STATE OF MAINE
MOTION - MOTION TO DISMISS FILED ON 12/18/2006
Defendant's Attorney: WILLIAM H LAUBENSTEIN III
DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF MOTION.


12/18/2006 Party(s): BUREAU OF HUMAN RESOURCES
ATTORNEY - RETAINED ENTERED ON 12/18/2006
Defendant's Attorney: WILLIAM H LAUBENSTEIN III


12/18/2006 Party(s): DEPT OF ADMINISTRATIVE & FINANCIAL SERVICES
ATTORNEY - RETAINED ENTERED ON 12/18/2006
Defendant's Attorney: WILLIAM H LAUBENSTEIN III


12/18/2006 Party(s): STATE OF MAINE
ATTORNEY - RETAINED ENTERED ON 12/18/2006
Defendant's Attorney: WILLIAM H LAUBENSTEIN III


12/26/2006 Party(s): CLAUDIA LJUNGGREN,JON LJUNGGREN
LETTER - FROM PARTY FILED ON 12/26/2006
Plaintiff's Attorney: DAVID SANDERS
LETTER INFORMING THE COURT THAT WILLIAM LAUBENSTEIN, ESQ. HAS NO OBJECTION TO EXTENSION OF
TIME FOR PLAINTIFF'S TO RESPOND TO THE MOTION TO DISMISS.


01/12/2007 Party(s): CLAUDIA LJUNGGREN,JON LJUNGGREN
OTHER FILING - REPLY MEMORANDUM FILED ON 01/12/2007
Plaintiff's Attorney: DAVID SANDERS
PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS.


01/23/2007 Party(s): BUREAU OF HUMAN RESOURCES,DEPT OF ADMINISTRATIVE & FINANCIAL SERVICES,STATE OF MAINE
OTHER FILING - REPLY MEMORANDUM FILED ON 01/23/2007
Defendant's Attorney: WILLIAM H LAUBENSTEIN III
DEFTS' REPLY MEMORANDUM ON MOTION TO DISMISS


02/08/2007 HEARING - MOTION TO DISMISS SCHEDULED FOR 03/09/2007 @ 10:00

05/04/2007 Party(s): BUREAU OF HUMAN RESOURCES,DEPT OF ADMINISTRATIVE & FINANCIAL SERVICES,STATE OF MAINE
MOTION - MOTION TO DISMISS DENIED ON 05/02/2007
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL

05/04/2007 ORDER - COURT ORDER ENTERED ON 05/02/2007
DONALD H MARDEN , JUSTICE
DEFENDANT'S MOTTION TO DISMISS IS DENIED.                      COPIES TO
PARTIES/COUNSEL

05/04/2007 ORDER - COURT ORDER COPY TO REPOSITORIES ON 05/04/2007


A TRUE COPY
ATTEST: _____
                    Clerk