ALICE ANN MAXWELL *vs.* WILLIAM A. MITCHELL and another.

*Deed—delivery of. Exceptions—only facts stated therein considered.*

In an action of *trespass quare clausum*, evidence is admissible to show that the deed by which plaintiff claims title to the *locus in quo*, though executed and recorded prior to the date of the writ, was not delivered till after suit brought.

Evidence reported upon a motion for a new trial, which has been overruled by consent, cannot be considered in a hearing upon exceptions, when such evidence is not referred to in, or made part of, the exceptions.

ON EXCEPTIONS to the ruling of the justice of the superior court for this county.

This is an action of *trespass quare clausum*, commenced by writ dated June 13, 1871. Plea, general issue, with a brief statement of justification and title in the defendant. The plaintiff put in a deed of the *locus in quo*, dated and recorded Nov. 19, 1866, proved the acts alleged to be trespass, and stopped. The defendant offered to prove a demand against her grantor, existing prior to the date of such deed, and a judgment recovered thereon in favor of defendant, on which execution issued, which was levied upon the premises in question, and thereby the defendant claimed title thereto. And the defendant offered to prove that said deed to the plaintiff was not in fact delivered to her, or to any person for her, till long after the commencement of this action. But the justice presiding excluded this testimony upon the ground that a creditor levying on lands alleged to have been conveyed in fraud of creditors, cannot oust the tenant in possession, nor justify a trespass by impeaching the title of the grantee in the conveyance alleged to be fraudulent; that such levy only gives the creditor a momentary seizin, sufficient to enable him to maintain a writ of entry. To this ruling the defendant excepts.

*Howard & Cleaves*, for defendant.

No question of fraudulent conveyance arises in this case. The plaintiff relied solely upon her title to the premises, by deed.

There is nothing in the case to show that the plaintiff had either title to premises, possession, or the right of possession, when she instituted this action.

The rulings of the presiding judge were based upon an assumed state of facts which did not exist, and were, therefore, erroneous.

The provisions of the Revised Statutes, c. 76, § 13, relied upon by the plaintiff, do not apply to this case, where no conveyance had been made by the debtor, in fact, to her, when this suit was brought.

*Henry Orr*, for plaintiff.

Defendant filed a motion for a new trial, which after entry of the case in the law court was abandoned and overruled by consent. On this motion all the testimony was reported. A reference to this report will show that the plaintiff entered into actual possession of the premises under her deed, long before commencing this action.

APPLETON, C. J. This is an action of trespass *quare clausum*, in which the plaintiff may recover by showing title to or possession of the premises upon which the trespass was committed.

The plaintiff produced a deed bearing date and recorded prior to the time of the alleged trespass. The defendant offered to show that the deed was not delivered until after the date of the writ. This evidence was rejected.

The plaintiff's title accrued only upon the delivery of the deed to her, and if this was after the date of the writ (as we must now assume it to be), then the action was not maintainable. The evidence was, therefore, improperly rejected.

But it is urged that possession is enough to support a suit of this description. That is true. The exceptions, however, disclose no evidence of possession on the part of the plaintiff.

It is said that proof of that fact is to be found in the report of the evidence on the motion for a new trial. But that is not referred to in, or made a part of, the exceptions. The defendant does not

rely upon it, and it is overruled by consent.   It is not, therefore, before us.

Had a reference been made to the report in, or had it been made a part of, the exceptions, or had the exceptions disclosed that the plaintiff was in possession of the premises in controversy, and that that fact had been passed upon by the jury in her favor, she would have been entitled to the benefit of such possession.   Upon the exceptions, as before us, the fact of the possession of the plaintiff at the time of the trespass of the premises in question, is not in proof.

*Exceptions sustained.*

WALTON, DICKERSON, BARROWS, DANFORTH, and VIRGIN, JJ., concurred.