WILLIAM W. RIPLEY vs. GEORGE E. TRASK.

Lincoln.    Opinion July 7, 1910.

*Trespass Quare Clausum.    Title.    Burden of Proof.    Evidence.    Deeds.*

Plaintiff in trespass quare clausum must affirmatively show his title.

A stipulation that defendant in trespass quare clausum cut timber on the land under claim of title to the land is insufficient to show prescriptive title in him.

On an issue of title, a quitclaim deed from one conceded to be the owner of the land shows absolute title, and is equivalent to title through warranty deed.

That for over 70 years plaintiff in trespass quare clausum and his predecessors had been in uninterrupted possession of a farm under recorded deeds which included the disputed tract, wild and unfenced land, and that plaintiff was in possession when suit was brought, established his title prima facie.

On report.    Action to stand for trial.

Action of trespass quare clausum, but involving by stipulation the question of title only, and reported to the Law Court on exhibits and an agreed statement of facts, with the stipulation "that if the court shall find that the title of said land in dispute is in the plaintiff, the action shall be returned to have damages assessed by a jury or by the court as the parties may then determine it.    If the court find that the title of the premises in dispute is in the defendant, final judgment in the action is to be given for the defendant; but the plaintiff may have and recover the sum of $35 for which the defendant offered to be defaulted, with costs of suit to the date of said offer."

The case is stated in the opinion.

*R. S. Partridge*, for plaintiff.

*Heath & Andrews*, for defendant.

SITTING: WHITEHOUSE, SAVAGE, PEABODY, SPEAR, CORNISH, JJ.

SPEAR, J. This is an action of trespass quare clausum, on report, but involving by stipulation the question of title only. The accompanying chalk is a fair representation of the locus.

Johnson Burbank's or Wm. Burbank's South line — afterwards Geo. E. Trask

| FROM POND 115 RODS | | 156 RODS FROM POND |
|---|---|---|

| Dyer's Pond | From Pond to road about 56 rods / 55 RODS WIDE | NECK ROAD | About 100 rods from road to 156 rod point | Disputed lot 41 rods where lumber was cut | N | 55 RODS WIDE | Stairs or Jesse Hall's land |

Jane A. Flood's North line or Henry Flood's North line

It will be observed that both parties base their contention upon conveyances from the same source, George Jones, the former owner of the disputed premises. The plaintiff relies upon a deed, dated in 1831, conveying the whole tract of land shown by the above chalk "excepting however the land sold by me to Daniel H. Weeks."

The defendant does not rely upon proof of title in himself, admitting several breaks, but upon the plaintiff's alleged want of title in this, that the exception in the above named deed included the lot in controversy and excluded it from the plaintiff's chain of title. That it is incumbent upon the plaintiff to affirmatively show his title is now settled. *Brown* v. *Webber*, 103 Maine, 60. The defendant contends that the plaintiff has failed to do this.

The deed from George Jones to Daniel H. Weeks, purporting to convey the excepted premises, was not recorded nor produced, therefore the extent of the exception can be determined, if at all, by inference only from other deeds. But such inference cannot be admitted. It is expressly agreed that the plaintiff's chain of title included the excepted tract.

Stipulation 5 admits: "That the plaintiff, and all his predecessors in title under the deeds introduced by him, have been in uninterrupted possession of the farm on which they live and that the aforesaid deeds conveying said farm included all the disputed premises between the 115 and 156 rod line, which disputed premises consist of wild land, not fenced as between the two respective lines of title, nor occupied for ordinary farm purposes."

Inasmuch as all the plaintiff's deeds except the first explicitly include the disputed tract, and in this it is not necessarily excluded, it is obvious that the express stipulation should control the construction of the plaintiff's deeds with respect to the extent of the premises described. Has the plaintiff succeeded in proving title in himself? We think he has.

The case is composed of a series of deeds offered by the plaintiff, which for a period of seventy-six years covered the tract upon which the plaintiff and his predecessors had lived, and also the disputed lot contiguous to the part of the tract occupied; and of several deeds offered by the defendant through one of which by inference he claimed that the disputed tract was excepted from the plaintiff's chain of title; but a careful examination of the case shows that stipulation 5 precludes the defendant from claiming the exception and admits that the plaintiff's deeds covered the disputed tract; and no claim was made by the defendant of prescriptive title. The only evidence tending to show any acts of prescription on the part of the defendant is found in stipulation 6, which admits: "That the defendant cut wood and timber growing on land lying between the above mentioned points under a claim of title to said land." It is evident that this stipulation might as well have been left out as put into the case, so far as it affects the result. The cutting might have been done within a year. It may have been the very

trespass complained of in the plaintiff's writ. So that upon a final analysis the defendant shows no title whatever in himself.

The deeds offered in evidence by the plaintiff were quitclaim, except the last three which were warranty deeds. The first quitclaim deed was from George Jones, the original owner, as appears from the admission in stipulation 3 : "That one George Jones of Alna, Maine, was at one time the owner of the real estate in dispute." It would therefore seem to follow under the decision in *Rand* v. *Skillin*, 63 Maine, 103, that the quitclaim deeds through which the plaintiff claims title conveyed to him and his predecessors in title are at least prima facie evidence of ownership. In this case it is said : "In a real action tried upon a plea of nul disseisin a warranty deed to the plaintiff, or a warranty deed to one from whom the plaintiff has a quit-claim deed, is sufficient prima facie evidence of ownership, and will authorize a verdict for the plaintiff unless the defendant prove a better title." It is admitted that Jones, the original grantor of the plaintiff's title, was the owner of the land which he sought to convey. The Jones title, therefore, under the admission, must be considered as absolute and equivalent to one conveyed to him by a warranty deed. Hence under the above decision, the quitclaim deed to the plaintiff's original predecessor from Jones, may be regarded as based upon a warranty deed to one from whom the plaintiff, through his predecessors, has a quitclaim deed.

*Blethen* v. *Dwinel*, 34 Maine, 133, seems to be more liberal in proof of title by quitclaim deed than the case just cited. The *Blethen case* was a writ of entry on the demandants own seisin to which was pleaded the general issue and a brief statement of title by possession. The demandant offered in evidence a quitclaim deed to himself of the demanded premises which were duly executed and recorded. With respect to the title conveyed, the court say : "In the absence of other evidence, the deed, itself, raises a presumption that the grantor had sufficient seisin to enable him to convey, and also operates to vest a legal seisin in the grantee. The deeds introduced by the demandant, prima facie, establish his title."

It is also admitted by stipulation 1 : "That the plaintiff was in possession of the premises in dispute at the time of the action being brought." This stipulation, interpreted in its narrowest sense, nevertheless excludes any possible claim of possession on the part of the defendant, and leaves the plaintiff in possession under a recorded warranty deed, as it is admitted that the last three deeds, culminating in the plaintiff's title, were warranty deeds. *Tibbetts* v. *Estes*, 52 Maine, 566, is a case in which the plaintiff alleged that the defendant was in possession, and the court say : "Such possession being prima facie evidence of title, the plaintiffs must prove a better one, or they cannot recover."

*Chandler* v. *Wilson*, 77 Maine, 76, differentiates the phrases "strength of his own title" and "weakness of the tenants" as found in the well established rule that "the demandant must recover upon the strength of his own title and not on the weakness of the tenants." Chief Justice Peters in the opinion says : "Still, the demandant may recover if he has merely a better title than the tenant. In such case, he does recover upon the strength of his own title because this title is the strongest. He may not have what is called a true title — a title good against the world — but if he has a good title as against the tenant, he may recover. The bare possession is the first degree of title, and any degree is better than no degree of title." *Clements* v. *Estes*, supra, is quoted and approved.

We think the plaintiff has established, as against the defendant, prima facie title to the disputed tract, and that the entry must be, in accordance with the stipulation of the parties.

> *Action to be returned to have damages assessed by a jury or by the court as the parties may then determine.*