**Robin DUTIL, et al.**

v.

**John BURNS, et al.**

Supreme Judicial Court of Maine.

Argued Jan. 5, 1996.

Decided March 14, 1996.

Joseph M. Cloutier, Philip P. Mancini (orally), Cloutier & Briggs, P.A., Rockport, for Plaintiffs.

Christopher D. Nyhan (orally), Carl W. Tourigny, Preti, Flaherty, Beliveau & Pachios, Portland, for Defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

Plaintiffs, five named dental patients and their spouses, appeal from orders of the Superior Court dismissing their complaints against certain named oral surgeons for failure to state a claim. Plaintiffs allege that they were injured by the defective jawbone implant sold by defendants. The Superior Court held that physicians and dentists are not sellers for purposes of products liability claims, and that plaintiffs' complaints are governed by the Maine Health Security Act (MHSA), 24 M.R.S.A. § 2501 et seq. (1990 &

Supp.1994). We agree with the Superior Court, and we affirm the judgments.

Three separate cases have been consolidated for this appeal.[1] The complaints in each case are identical, except for the party names and dates. The complaints allege that between 1983 and 1985, defendants, individual dentists or group dental practices, inserted into the plaintiff-patients' bodies a Vitek temporomandibular joint (jawbone) implant; that the devices were sold in a defective and unreasonably dangerous condition; and that plaintiffs suffered injuries as a result. The complaints asserted liability on a theory of strict liability, breach of warranty, and negligent sale.[2]

The Superior Court (Kennebec County, *Alexander, J.*) granted defendants' motion to dismiss for failure to state a claim upon which relief can be granted. The court held that "[a] physician or dentist using items for a medical procedure is not a seller or supplier of defective or unreasonably dangerous goods within the meaning of 14 M.R.S.A. § 221." The court held that the claims against defendants were "actions for professional negligence" as defined by the MHSA, and as such were governed by the procedural requirements and statute of limitations of the act. Thereafter, the Superior Court (Androscoggin County, *Fritzsche, J.*) consolidated two other separate actions and adopted the same ruling.

In reviewing the dismissal of a complaint for failure to state a claim upon which relief can be granted, we

accept as true the allegations in the [plaintiffs'] notice of claim. We examine the claim in the light most favorable to the plaintiffs to determine whether it alleges the elements of a cause of action against the defendant[s] or alleges facts that could entitle the plaintiff[s] to relief pursuant to

some legal theory. A dismissal for failure to state a cause of action is proper only when it appears beyond a doubt that the plaintiffs are entitled to no relief under any set of facts that might be proven in support of their claim.

*Thibeault v. Larson,* 666 A.2d 112, 114 (Me. 1995) (citations omitted). The complaints before us allege that plaintiffs were injured by defective implants inserted by defendants. Such allegations assert an "action for professional negligence," as that term is defined by the MHSA:

any action for damages for injury or death against any health care provider, its agents or employees, or health care practitioner, his agents or employees, *whether based upon tort or breach of contract or otherwise, arising out of the provision or failure to provide health care services.*

24 M.R.S.A. § 2502(6) (1990 & Supp.1994) (emphasis added). We have previously held that this definition encompasses more than simple negligence, and includes actions alleging strict liability. The broad statutory definition, including the term "or otherwise," reveals the legislature's intention that the MHSA fully occupy the field of claims brought against health care providers. *Musk v. Nelson,* 647 A.2d 1198, 1201 (Me. 1994).

Accordingly, we need not determine whether physicians and dentists could be considered "sellers" pursuant to 14 M.R.S.A. § 221 (1980) or 11 M.R.S.A. § 2–315 (1995).

The entry in each case is:

Judgment affirmed.

All concurring.

---

1. Plaintiffs Robin Dutil, Sandra Ellis and Patrick Ellis filed suit against defendants Dr. John Burns and Doe Corporations 1–10. (Kennebec County, CV–95–23). Plaintiffs Judith Sigurdson, Laura Vaughan and Michael Vaughan filed suit against defendants G.P.R. Roy, P.A.; Dr. G.P.R. Roy individually and as employee-owner of G.P.R. Roy, P.A.; and Doe Corporations 1–10. (Androscoggin County, CV–95–27). Plaintiff Lynette Thompson filed suit against defendants G.P.R. Roy, P.A.; Dr. G.P.R. Roy individually and as employee-owner of G.P.R. Roy, P.A.; and Doe Corporations 1–10. (Androscoggin County, CV–95–134).

2. Claims for strict liability from a defective product are governed by 14 M.R.S.A. § 221 (1980); breach of warranty is governed by 11 M.R.S.A. § 2–315 (1995). Plaintiffs do not provide any statutory or common law basis for their claim of "negligent sale."