STATE OF MAINE

CUMBERLAND, ss.

LANE KAPLAN,

    Plaintiff

  v.

MAINE MEDICAL CENTER,

    Defendant

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 03-510
RAC-

STATE OF MAINE
Cumberland, ss. Clerk's Office
SUPERIOR COURT

DEC 10 2003

RECEIVED

ORDER

DONALD L. G ..........
L.. ..

JA. 5 2004

Before this court is Defendant Maine Medical Center's Motion to Dismiss Counts II, III and IV of Plaintiff, Lane Kaplan's Complaint.

### FACTS

From November 1995 until April 2000, Plaintiff, Lane Kaplan was employed by Defendant, Maine Medical Center as regional director of emergency medical services in its department of emergency medicine. Plaintiff was entitled to paid vacations among other benefits, pursuant to the terms of his employment. At the time of Plaintiff's termination of employment, Defendant owed Plaintiff wages, including vacation pay. Plaintiff repeatedly made demands for payment by Defendant, but to no avail.

As a result of these events, Plaintiff filed a Complaint with Cumberland County Superior Court on September 19, 2003. Plaintiff's Compliant contains several counts. Count I asserts that the Defendant was in violation of 26 M.R.S.A. § 626. Next, Count II asserts that the Defendant breached a fiduciary duty to the Plaintiff. In Count III Plaintiff argues that by reason of the Defendant's conduct, Defendant has intentionally and unjustifiably deprived Plaintiff of a legally protected interest. Finally, Count IV contends that Defendant acted with actual or implied malice toward Plaintiff and thus

Plaintiff is entitled to punitive damages. In response, on October 1, 2003, Defendant filed a Motion to Dismiss Counts II, III and IV of the Plaintiff's Compliant.

## DISCUSSION

When reviewing the Defendant's motion to dismiss, this court will look at the complaint in the light most favorable to the Plaintiff, taking the material allegations as admitted. <u>See</u> <u>In re Wage Payment Litigation</u>, 2000 ME 162, ¶ 3, 759 A.2d 217, 220. Thus, a motion to dismiss is properly granted when it appears beyond a doubt that the Plaintiff is entitled to no relief under the facts that might be proved in support of the claim. <u>Dutil v. Burns</u>, 674 A.2d 910, 911 (Me. 1996).

### a. Count II

Plaintiff concedes to Defendants Motion to Dismiss Count II. Hence, this court finds that it is not necessary to address Count II.

### b. Count III

Defendant argues that Count III should be dismissed because it does not state a valid tort claim under Maine Law. Count III specifically states that "Defendant has intentionally and unjustifiably deprived Plaintiff of a legally protected property interest." (Plaintiff's Complaint at 3.) In *Adams v. Buffalo Forge Co.*, 443 A.2d 932 (Me. 1982), the Law Court said that a clear distinction must be drawn between actions which sound in contract and those which sound in tort. Specifically, contractual recovery is predicated in the first instance upon a consensual obligation between two or more parties. Tort recovery, on the other hand, relies upon a relationship status. "The status relationship which constitutes the predicate for tort recovery is entirely independent from and, indeed, foreign to any notions of the consensual features which form the basis of contractual liability." <u>Adams</u>, 443 A.2d at 938. Actions in negligence are based upon the elements that the plaintiff must prove that the defendant owed plaintiff a duty

of care, that the defendant breached the duty owing to the plaintiff and the defendant's breach of the duty was the actual and legal cause of the injury suffered by the plaintiff. See id.

However, while normally a mere breach of contract is not actionable as a tort, "the circumstances surrounding the contract may give rise to an independent duty to exercise due care or similar duty in tort, in which case a breach may be actionable under both tort and contract theory." Maine Civil Remedy, Horton & McGehee, Butterworth Legal Publishers, 1991; See also Dermalogix Partners, Inc. v. Corwood Laboratories, Inc., 2000 U.S. Dist. LEXIS 8009 at *18 (D. Me.) (the United States District Court for Maine in discussing distinction between tort and contract noted, ". . . a ground of liability in tort may coexist with a liability in contract where, independent of the contract, there is a duty which has been violated, . . ."). In addition, an individual can be liable if he or she intentionally deprives another of a legally protected property interest. Restatement (Second) of Torts, § 871 (1977).

In the case at bar, viewing the facts in a light most favorable to the Plaintiff, Defendant had a statutory duty to provide Plaintiff with his vacation pay. Defendant intentionally and unjustifiably breached this duty and failed to promptly respond to the Plaintiff's request for his vacation pay. Consequently, Plaintiff was deprived of his statutory right to accrued vacation pay. Hence, this court finds that dismissal of Count III of Plaintiff's Complaint is inappropriate.

### c. Count IV

Next, in Count IV of Plaintiff's Complaint, he asserts a claim for punitive damages. "In order to secure . . . punitive damages in this action, [Plaintiff] must demonstrate that [the Defendant] committed independently tortious conduct beyond the denial of . . ." his requests for vacation pay. Colford v. Chubb Life Ins. Co. of America, 687 A.2d 609,

616 (Me. 1996). Since, this court has found that Plaintiff's independent tort claim, although questionable, is viable, it further finds that it is inappropriate to dismiss this punitive damages claim, at this time.

WHEREFORE, this court **GRANTS** Defendant's Motion to Dismiss as to Count II, but **DENIES** Defendant's Motion to Dismiss Counts III and IV, pursuant to M. R. Civ. P. 12(b)(6).

Dated: December 10, 2003

Roland A. Cole
Justice, Superior Court

CHRISTOPHER TAINTOR ESQ
PO BOX 4600
PORTLAND ME 04112

DAVID HIRSHON ESQ
PO BOX 15060
PORTLAND ME 04112