STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NUMBER AP-03-74

PORTLAND SURGERY CENTER, LLC.,

Plaintiff

v.

COMMISSIONER, ME DEPT. OF
HUMAN SERVICES,

Defendant

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

DEC 10 2003

RECEIVED

ORDER

Before this court is Defendant, Commissioner, Maine Department of Human Services' Motion to Dismiss, pursuant to 12(b)(6).

## FACTS

On March 10, 2003, Department of Human Services ("DHS") informed Plaintiff, Portland Surgery Center, LLC, that its proposed ambulatory surgical facility to be located at 135 Marginal Way, Portland, Maine, was subject to CON review. Plaintiff objected to this decision. However, despite Plaintiff's objection, it proceeded with the CON application process. On or about April 2, 2003, Plaintiff requested a CON review application. This is because, DHS was required to provide a decision with respect to the CON within the statutorily prescribed 90-day period. A public informational meeting in connection with the proposed ambulatory surgical facility was held in Portland on August 25, 2003.

On or about September 30, 2003, however, DHS notified Plaintiff that it intended to delay action for an additional 90 days, because a "public necessity" existed, thereby justifying the additional delay. Subsequent to this, on October 10, 2003, DHS notified

Plaintiff that Maine Medical Center had also requested a public hearing on the proposed ambulatory surgical facility. Accordingly, based on these events, Plaintiff filed a Complaint in Cumberland County Superior Court, on November 21, 2003.

## DISCUSSION

When reviewing the Defendant's motion to dismiss, this court will look at the complaint in the light most favorable to the Plaintiff, taking the material allegations as admitted. *See* In re Wage Payment Litigation, 2000 ME 162, ¶ 3, 759 A.2d 217, 220. Thus, a motion to dismiss is properly granted when it appears beyond a doubt that the Plaintiff is entitled to no relief under the facts that might be proved in support of the claim. Dutil v. Burns, 674 A.2d 910, 911 (Me. 1996).

First, Defendant contends that the Administrative Procedure Act ("APA") limits judicial review to "final agency action." The APA provides, in relevant part:

> [e]xcept where a statute provides for direct review or review of a pro forma judicial decree by the Supreme Judicial Court or where judicial review is specifically precluded or the issues therein limited by statute, any person who is aggrieved by final agency action shall be entitled to judicial review thereof in the Superior Court in the manner provided by this subchapter. Preliminary, procedural, intermediate or other nonfinal agency action shall be independently reviewable only if review of the final agency action would not provide any adequate remedy.

5 M.R.S.A. § 11001(1). A Maine Court has interpreted this provision to specifically provide for review of threshold CON determinations, which is comparable to the review requested in this case. Medimaine Health Associates, et al. v. Michael R. Petit, et al., CV-84-272 at *4 (Me. Super. Ct., Kennebec Cty.) (Brody, J.). In *Medimaine*, Justice Brody specifically held that "MediMaine should not be required to exhaust the CON process when the very necessity of the process is seriously in question. The Court is persuaded that this is one of those rare cases in which an agency's decision, even if preliminary, is reviewable because review of the final agency action would not provide

an adequate remedy." Id. at *5 (citations and quotations omitted). Here, similar to the situation presented in *Medimaine*, DHS has made a decision to subject Plaintiff's proposed ambulatory surgical facility to CON review. Plaintiff disagrees with this decision and accordingly it would appear has a right for this court to review the preliminary decision of DHS. However, the Court in *Medimaine* also stated that:

> [t]he ripeness and exhaustion doctrines of administrative law are based upon a policy of avoiding interference with the functions of an agency created by the Legislature and a recognition of the advantages of leaving some preliminary determinations to agencies which are particularly competent to dispose of them. Whether MediMaine will treat hospital inpatients with its scanner is a straightforward, nontechnical question of fact that does not require the special expertise of the Department. If the Department's determination that MediMaine will treat inpatients is unsupported by substantial evidence, its decision to subject MediMaine to the costly, time-consuming CON administrative procedure is an essentially arbitrary one. When an exemption from an administrative process is at issue, a court should be less hesitant to intervene than in a case where an unquestionably necessary administrative process has not yet come to fruition.

Medimaine, CV-84-272 at *5 (citations and quotations omitted). In the case at bar, the question presented to DHS involves whether or not Plaintiff's project is a "new health service," pursuant to 22 M.R.S.A. § 329(4). This determination involves an analysis of the capital expenditures for the project, the project's operating costs, and the level of technology offered by the project. Accordingly, this court finds that the analysis in this case is not as straightforward and nontechnical as the question presented in *Medimaine* and therefore requires the expertise of DHS.

Furthermore, the Law Court has held that; "the ultimate test of reviewability is not to be found in an overrefined technique, but in the need of review to protect from the irreparable injury threatened in the exceptional case by administrative rulings which attach legal consequences to action taken in advance of other hearings and adjudications that may follow . . . " Northeast Occupational Exchange, Inc. v. Bureau of

Rehabilitation, 473 A.2d 406, 410 (Me. 1984) (quotations omitted) (citing Isbrandtsen Co. v. United States, 93 U.S. App. D.C. 293, 211 F.2d 51 (D.C. Cir.)). Additionally, "[m]ore recently, the D.C. Circuit observed that review of nonfinal agency actions should be undertaken only when the parties face the prospect of irreparable injury, with no practical means of procuring effective relief after the close of proceedings . . ." (quotations omitted) (citing Cities of Anaheim and Riverside v. Federal Energy Regulatory Commission, 224 U.S. App. D.C. 4, 692 F.2d 773, 779 (D.C. Cir. 1982) (holding that the possible monetary loss from filing a license application, erroneous administrative orders and other prospective monetary losses did not constitute irreparable harm).

Here, Plaintiff asserts that it "will likely lose this location and the money individual doctors invested in the plans for the build out and in pursing authority to proceed with this project with no means of recovery." (Petitioner's Surreply at 3; see also Zaitzeff Aff. at 3, ¶ 8.) Plaintiff, however, has failed to provide this court with sufficient supporting documentation indicating the actual loss of money. Moreover, Plaintiff has not persuaded the court that its ambulatory surgical facility could not be built on another available cite located on Marginal Way or in another area in Portland. Hence, this court finds that Plaintiff has failed to prove with sufficient specificity that it would suffer "irreparable injury."

Finally, Defendant asserts that Plaintiff's petition for review is untimely, pursuant to 5 M.R.S.A. § 11002(3). This section provides that "[t]he petition for review shall be filed within 30 days after receipt of notice if taken by a party to the proceeding of which review is sought." 5 M.R.S.A. § 11002(3) (2003). More specifically, this section is discussing judicial review of "final agency action or the failure or refusal of an agency to act . . ." 5 M.R.S.A. § 11002(1) (2003). "Final agency action means a decision by an

agency which affects the legal rights, duties or privileges of specific persons, which is dispositive of all issues, legal and factual, and for which no further recourse, appeal or review is provided within in the agency." 5 M.R.S.A. § 8002(4) (2003). The Law Court has held that [i]f a party does not file an appeal within the statutory period, the Superior Court has no legal power to entertain the appeal." City of Lewiston v. Maine State Employees Assoc., 638 A.2d 739, 741 (Me. 1994). In the present case, Plaintiff is seeking review of "preliminary, procedural, intermediate or other nonfinal agency action . . ." 5 M.R.S.A. § 11001(1) (2003). Accordingly, this court finds that the review requested by Plaintiff is not subject to the limitations set forth in 5 M.R.S.A. § 11002(3).

WHEREFORE, this court **GRANTS** Defendant's Motion to Dismiss, pursuant to M. R. Civ. P. 12(b)(6).

Dated: December _10_, 2003

Roland A. Cole
Justice, Superior Court

| Date Filed _11-21-2003_ | Cumberland | Docket No. AP-03-74 |

County

Action _80C Appeal_

PORTLAND SURGERY CENTER, LLC

COMMISSIONER, MAINE DEPARTMENT OF HUMAN SERVICES

vs.

**Plaintiff's Attorney**

Gregory A. Brodek, Esq.
Duane Morris LLP
88 Hammond Street, Suite 500
Bangor, ME  04401-4915
207-262-5400

Katherine Young Fergus, Esq.
Duane, Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
617-289-9200

**Defendant's Attorney**

| Date of Entry |