STATE OF MAINE

CUMBERLAND, ss.

FRANK MORANG and
VIRGINIA MORANG,

Plaintiffs

v.

DEIDRE MAYO and
RITA MAYO,

Defendants

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 03-414
RAC-CUM - 12/17/2003

ORDER

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

DEC 17 2003

RECEIVED

DONALD L. GARBRECHT
LAW LIBRARY

JAN 21 2004

Before this court is Defendants, Deidre and Rita Mayo's Motion to Dismiss, pursuant to M. R. Civ. P. 12(b)(6).

## FACTS

Plaintiffs, Frank and Virginia Morang are the owners of a residence on Birchwood Road Gray, Maine. Defendants, Deidre and Rita Mayo also reside on Birchwood Road Gray, Maine. Defendants land abuts Plaintiffs' property. Defendants have erected a fence on their property that is approximately ten feet in height and is less than one foot from the Plaintiffs property. The effect of the fence is to significantly restrict the Plaintiffs view to the east and has caused a diminution in the market value of their property. In addition, Defendants have caused a culvert to be built which dumps the water drainage from their property onto the Plaintiffs property. Finally, Defendants have also built a driveway, a portion of which is built or has deteriorated such that large rocks and sediment are on the Plaintiffs land.

As a result of these events, Plaintiffs filed a Complaint with the Cumberland County Superior Court on July 22, 2003. In response, on August 11, 2003, Defendants filed a motion to dismiss.

## DISCUSSION

When reviewing the Defendant's motion to dismiss, this court will look at the complaint in the light most favorable to the Plaintiff, taking the material allegations as admitted. See In re Wage Payment Litigation, 2000 ME 162, ¶ 3, 759 A.2d 217, 220. Thus, a motion to dismiss is properly granted when it appears beyond a doubt that the Plaintiff is entitled to no relief under the facts that might be proved in support of the claim. Dutil v. Burns, 674 A.2d 910, 911 (Me. 1996). Rule 12(b) further provides, in relevant part, however, that "[i]f on a motion asserting the defense numbered in (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . ." M. R. Civ. P. 12(b).

Defendants have provided this court with a statement of material facts in addition to their motion to dismiss. Since this constitutes information outside the pleading that is not being excluded by the court, this Motion will be treated as one for summary judgment, pursuant to M. R. Civ. P. 12(b).

Defendants contend that Plaintiffs Complaint should be dismissed because they are not the proper owners of the property. Defendants assert that the Plaintiffs obtained title by a quitclaim deed from the Town of Gray as a result of the previous owner's failure to pay taxes in 1996. Specifically, Defendants contend that the Town of Gray failed to comply with the statutory requirements during the foreclosure process.

Plaintiffs, however, argue that they have legal and equitable seisin to the property, and thus this action should proceed.

The Law Court has held that "in the absence of other evidence, the deed, itself, raises a presumption that the grantor had sufficient seisin to enable him to convey, and also operates the vest a legal seisin in the grantee. The deeds introduced by the demandant, prima facie, establish his title." Ripley v. Trask, 106 Me. 547, 550, 76 A. 951, 953. Here, there exists no dispute that Plaintiffs possess a quitclaim deed that they procured from the Town of Gray after a tax foreclosure sale. Therefore, this court finds that this deed is prima facie evidence of the Plaintiffs title.

In addition, although Defendants argue that Plaintiffs deed is not valid because they have failed to confirm their title in accordance with 36 M.R.S.A. § 946, this court disagrees. Maine Law provides, that:

> [a]ny purchaser or his successors in interest from a municipality of real estate or lien thereon acquired by a municipality as a purchaser at a sale thereof for nonpayment of taxes, or acquired under the alternative method for the enforcement of lines for taxes provided in sections 942 and 943, whether in possession of such real estate or not, after the period of redemption from such sale or lien has expired, may maintain an action for equitable relief against any and all persons who claim or may claim some right, title or interest in the premises adverse to the estate of such municipality or purchaser.

36 M.R.S.A. § 946. This court finds that this provision does not mandate that a confirmatory judgment must be filed in order for title to vest in Plaintiffs. Instead, this section creates an equitable action for municipalities, purchasers, or successors-in-interest to clear up issues of right, title or interest in subject property.

Despite the above analysis, this court further notes that for a claim of trespass "possession rather than ownership is the key requirement." 8 Thompson on Real Property, Thomas Edition § 68.06(a)(1) at 199 (David A. Thomas ed., 1994); see also;

Thomas E. Atkinson, et al., <u>American Law of Property</u>, 37 (A. James Casner, ed., Little, Brown & Co. 1954) ("One has a possessory interest as will support an action for an intrusion upon possession when he is in physical occupation of land by right, privilege or trespass, and intends to control the same; when he owns a present estate in the premises . . . and when he has a right to immediate possession of land without a possessory estate therein.") Moreover, a private nuisance action is available to persons based on their possession of the property in question. <u>See</u> Thomas E. Atkinson, et al., <u>American Law of Property</u>, 87 (A. James Casner, ed., Little, Brown & Co. 1954) ("If nuisance is private, it is actionable by any person having an interest in land that is impaired. Thus, possessors with either a present estate of long or short duration, or merely a hostile claim of right can recover damages for any interference with their use and enjoyment of the premises."); <u>see</u> <u>also</u> W. Page Keeton, *et al.*, <u>Prosser and Keeton on the Law of Torts</u>, § 87 at 621 (5th ed. 1984) (private nuisance action is available to tenants). In the present case, there exists no dispute that Plaintiffs have been in possession of the property in question since 2001. Consequently, this court finds that Plaintiffs can maintain their trespass and nuisance claims.

WHEREFORE, this court **DENIES** Defendant's Motion for Summary Judgment.

Dated: December _17_, 2003

Roland A. Cole
Justice, Superior Court

COURTS
d County
x 287
9 04112-0287

PATRICK MELLOR ESQ
PO BOX 449
PORTLAND ME 04112

COURTS
d County
287
04112-0287

MATTHEW MCDONALD ESQ
PO BOX 1029
GRAY ME 04039