STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-02-25
SKS - KEN - 1/8/2004

CARLYLE W. ROGERS, JR.,

Plaintiff

v.

MICHAEL J. HICKS, et al.,

Defendants

DECISION ON MOTION
TO DISMISS

DONALD
LAW

JAN 29 2004

This matter comes before the court on the motion of the defendants to dismiss five of the seven counts in the plaintiff's third amended complaint.

## Background

This case is a dispute between neighbors concerning easements, boundaries, trespass, slander of title and nuisance. Plaintiff Rogers owns a large parcel of land in five lots located in Fayette and Chesterville. Defendants Hicks and Clark own land that abuts plaintiff's land on its eastern border (Clark) and its eastern and a northern border (Hicks). One of the shared boundary lines between Rogers and Hicks includes a shared right-of-way that traces an elongated S crossing and recrossing the common border. According to the plaintiff, the defendants have constructed a "shortcut road" passing partially over the plaintiff's land near the westerly end of the shared border,. It is also maintained that the defendants built a driveway over part of the right-of-way, expanded the limits of the right-of-way and destroyed markers and monuments defining the boundaries. These are the alleged facts which form the basis for the various claims and counterclaims.

The plaintiff's third and most recently amended complaint was filed with the court on May 9, 2003. The complaint alleges seven counts including (1) trespass to land,

(2) trespass, (3) breach of contract, (4) private nuisance, (5) slander of title, (6) real action, and (7) declaratory judgment. The defendants have filed the present motion to dismiss all counts except those for breach of contract and real action (3 and 6) primarily on the basis that the plaintiff did not own the property at issue at the time the activities giving rise to the claim occurred, and therefore the plaintiff has no standing. The five counts at issue in the motion will be considered separately below.

## Count I – Trespass to Property

The defendants move to dismiss this count for failure to state a claim on which relief can be granted on the basis, noted above, that the "shortcut road" was built during the tenure of the previous owner and the present owner has no cause or action and/or lacks standing to sue. In support of the motion as to count I, the defendants cite two older Maine cases -- *Maxwell v. Mitchell,* 61 Me. 106 (1873); *Thurston v. McMillan,* 78 A. 1122 (Me. 1911) -- which both concern actions under the common law for trespass (*quare clausum*). The cases hold that a plaintiff must have either actual or constructive possession of property at the time of an alleged trespass in order to bring such action. However, neither *Maxwell* nor *Thurston* (except to the extent of actual intermittent possession) consider the claim being made in the present case, i.e. that the trespass is an ongoing trespass due to the continued use of the shortcut road. The fact of the continued use of the road and maintenance of that road is not disputed. What damage, if any, ditches, culverts and washouts may have caused during the plaintiff's tenure and may continue to cause to land and forest products if unabated, is a question of fact forming the basis for a claim clearly within the court's jurisdiction and plaintiff's standing. Therefore, the motion will be denied as to count I.

## Count II – Trespass

In his second count, the plaintiff maintains that the defendants have damaged or failed to close the plaintiff's gates and trespassed on his property through the use of all-terrain vehicles and otherwise. The count also repeats allegations concerning damage from drainage ditches and culverts. The defendants deny these allegations and raise the same challenges to the court's jurisdiction and plaintiff's standing to bring a claim for these actions is set forth above under count I. Defendants' denial of actual trespass raises an issue of fact, and for the same reasons noted in the discussion of count I, plaintiff does not lack standing as a matter of law. Therefore, the motion will be denied as to count II.

## Count IV – Private Nuisance

With regard to this count, plaintiff contends that "[I]n constructing the shortcut road, in riding and allowing their children to illegally ride all-terrain vehicles across Plaintiff's land, and in failing to maintain Plaintiff's gate in a closed position," defendants have interfered with the use and enjoyment of plaintiff's land. (Third Amended Complaint at 8). On its face, this count alleges direct physical interference with or damage to the plaintiff's property causing injury to that property or the plaintiff's enjoyment of its use. Such direct interference or damage could give rise to various actions for trespass as noted above, but not a private nuisance. The difference between the two claims is that trespass requires evidence that the defendant directly interfered with or damaged the plaintiff's property, while nuisance requires evidence that the defendant indirectly caused injury to the property or other right of the plaintiff through the use of the defendant's own property. Simmons, Zillman & Gregory, MAINE TORT LAW, 14-2 (2001 ed. Lexisnexis). Therefore, as alleged by the plaintiff, the

defendants' activities may give rise to the claims of trespass, but are not of the nature to support a claim of private nuisance. The motion will be granted as to count IV.

### Count V – Slander of Title

A slander of title action is aimed at protecting a person's property interest against words or conduct of another that would question the validity of the first party's claimed interest. Here, the defendants claim that the plaintiff did not have or own sufficient possessory interest in the property in question at the time of the slander via publication in the Kennebec County Registry. If this is the action by the defendants or the only action which is claimed to support count V, the claim would fail since the plaintiff did not obtain title or possessory interest until 1999. However, the plaintiff also asserts that the slander of title includes "misrepresenting plaintiff's title to the town of Fayette and the Maine Department of Environmental Protection causing ongoing damages and annual expenditures." Owing to uncertainty as to the dates of the alleged slander and as to whether the slander is ongoing, defendants have not shown that the plaintiff is not entitled to relief under any set of facts which he might prove in support of his claim. *Dutil v. Burns*, 674 A.2d 910, 911 (Me. 1996). Therefore, the motion will be denied as to count V.

### Count VII – Declaratory Judgment

Finally, as to count VII, the defendants merely assert that the claim contains no factual allegations to which the defendants can admit or deny. This allegation seems to ignore the fact that the plaintiff has incorporated paragraphs 1 through 24 in its allegations as to count VII. There is clearly an ongoing dispute between neighbors regarding boundaries and easements. Therefore, a definitive ruling by way of declaratory judgment would effectuate the statute's salutary purpose. The motion will be denied as to count VII.

The entry will be:

      Motion GRANTED as to count IV and count IV (private nuisance) is DISMISSED.  The motion is otherwise DENIED.

Dated: January 8, 2004

S. Kirk Studstrup
Justice, Superior Court

CARLYLE W ROGERS JR  - PLAINTIFF
101 OLD STONE WAY #303
WEYMOUTH MA 02189
Attorney for: CARLYLE W ROGERS JR
TODD GRISET
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546


vs
MICHAEL J HICKS  - DEFENDANT
RR1, BOX 4681
WAYNE ME 04284
Attorney for: MICHAEL J HICKS
WADE A RILEY
FARRIS FOLEY & DICK
88 WINTHROP STREET

AUGUSTA ME 04330

CAROLE S HICKS  - DEFENDANT
RR2, BOX 4230
KENTS HILL ME 04349
Attorney for: CAROLE S HICKS
WADE A RILEY
FARRIS FOLEY & DICK
88 WINTHROP STREET

AUGUSTA ME 04330

DON D CLARK  - DEFENDANT
5044 BROOKS ROADVE
WOOLFORD MD 21677
Attorney for: DON D CLARK
WADE A RILEY
FARRIS FOLEY & DICK
88 WINTHROP STREET

AUGUSTA ME 04330

CLAIRE L CLARK  - DEFENDANT
5044 BROOKS ROAD
WOOLFORD MD 21677
Attorney for: CLAIRE L CLARK
WADE A RILEY
FARRIS FOLEY & DICK
88 WINTHROP STREET

AUGUSTA ME 04330


Filing Document: COMPLAINT
Filing Date: 06/28/2002

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-RE-2002-00025

**DOCKET RECORD**

Minor Case Type: TRESPASS

Printed on: 01/12/2004