STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-195
DHM- KEN- 3/11/2004

DAVID and ANNE SINCLAIR
and SEA VENTURES, INC.,

      Plaintiffs

    v.

ACADIA INSURANCE COMPANY,

      Defendant

**DECISION AND ORDER**

DONALD L.
LAW
APR 27 2004

This matter is before the court on defendant's motion to dismiss or, in the alternative, to stay and motion to compel arbitration. Plaintiffs filed a complaint against defendant alleging that they are the insureds in a insurance policy issued by the defendant on a certain fishing vessel which incurred damage to its boat engine on or about August 17, 2002, caused by the failure of an intake valve stem. Plaintiffs, David and Anne Sinclair and Sea Ventures Inc. maintain that the valve stem failed due to a latent defect. Defendant Acadia Insurance Company asserted, after investigation by an engineer it hired, that the valve stem failed due to normal wear and tear on the valve stem seal. Plaintiffs maintain that the engine at issue was constructed without valve stem seals. After being denied coverage under the insurance policy with defendant, plaintiffs filed a four-count complaint.

Defendant filed a timely answer denying the allegations pertinent to all four counts and asserting five affirmative defenses. Arbitration was not mentioned in this pleading. Defendant filed a motion to dismiss or in the alternative to stay and a motion to compel arbitration with this court asserting that a binding arbitration provision in the insurance policy put plaintiffs under a contractual obligation to submit this matter to

binding arbitration. Plaintiffs filed timely opposition to defendant's motion arguing that arbitration is permissive in the contract, not compulsory and that even if this court should find the arbitration clause to compel arbitration, defendant has waived this contractual provision by not asserting it as part of its answer and did not raise it during "extensive discussions with counsel for Acadia with respect to Alternative Dispute Resolution." Plaintiffs further argue that even if this court determines that arbitration is compulsory and has not been waived by defendant's conduct in this litigation, the fraud and misrepresentation claims asserted by plaintiffs should not be subject to arbitration.

A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. *Plimpton v. Gerrard*, 668 A.2d 882, 885 (Me. 1995). When reviewing a motion to dismiss, the material allegations of the complaint are accepted as true. *Id.* In ruling on a motion to dismiss, the court should "consider the material allegations of the complaint as admitted and review the complaint in the light most favorable to the plaintiffs to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiffs to relief pursuant to some legal theory." *Bussell v. City of Portland*, 1999 ME 103, ¶ 1, 731 A.2d 862. Dismissal for failure to state a claim is appropriate only where it appears beyond doubt that the plaintiffs are entitled to no relief under any set of facts which he might prove in support of his claim. *Dutil v. Burns*, 674 A.2d 910, 911 (Me. 1996). The legal sufficiency of a complaint is a question of law. *Sargent v. Buckley*, 1997 ME 159, ¶ 10, 697 A.2d 1272, 1275.

Defendant's argument on this motion is that since the insurance policy contains an arbitration clause this matter should be sent to arbitration especially in light of strong legislative policy favoring arbitrability. Plaintiffs make the above-noted

arguments concerning what they interpret as the permissive nature of the arbitration clause, waiver and issues of fraud and misrepresentation.

Whereas the policy was not submitted as an attachment to the complaint or in the answer or in the reply, the policy, along with the other exhibits submitted by defendant with this motion cannot be considered as part of the motion to dismiss. The copies of emails submitted with plaintiffs' objection to MTD also cannot be considered as part of this motion. "We have frequently stated that "when on a motion for dismissal matters outside the pleadings, such as affidavits, are presented to, and not excluded by, the court, the motion is treated as one for summary judgment and is disposed of according to [M.R. Civ. P.] Rule 56."" *Fleming v. Gardner*, 658 A.2d 1074, 1076 (Me. 1995), quoting *Levasseur v. Aaron*, 503 A.2d 1291, 1292 (Me. 1986).

Considering defendant's arguments on its motion to dismiss within the four corners of the pleadings, and keeping in mind that "d]ismissal for failure to state a claim is appropriate only where it appears beyond doubt that the plaintiffs are entitled to no relief under any set of facts which he might prove in support of his claim." *Dutil v. Burns*, 674 A.2d 910, 911 (Me. 1996), defendant's motion related to counts I and II usually are without support.

However, to the extent this court considers this motion to dismiss on grounds that assert that the parties have contractually agreed not to invoke the jurisdiction of this court, at least at this stage of the proceedings and the facts are virtually undisputed with respect to the issues presented by the motion, the court is satisfied that consideration of the materials submitted is appropriate.

The language in the policy says that "... the disagreement *may* be resolved by binding arbitration... " (Emphasis supplied). Plaintiffs initially argued that the language was permissive rather than compulsory and objected to defendant's motion,

in part, because of that language. However, the plaintiffs have withdrawn the argument satisfied that "the word 'may' in this arbitration clause is mandatory to the extent that once either party pursues arbitration, the other is so bound." As held in *Orthopedic Physical Therapy Center, P.A. v. Sports Therapy Center, Ltd.*, 621 A.2d 402 (Me. 1993).

Plaintiffs argue that should this court find the arbitration clause is compulsory it should nevertheless find that Acadia has waived this contractual provision. Plaintiffs base their waiver argument on the passage of time, the fact that arbitration was not asserted as an affirmative defense in the Answer and the fact that this case is now "in the thick of litigation" and the parties had already agreed to mediation. Plaintiffs assert that they have been prejudiced by having to litigate over the last three and a half months.

Plaintiffs cite another 1st Circuit case, *Jones Motor Co. v. Teamsters Local Union No. 633*, 671 F.2d 38 (1st Cir. 1982) in support:

> In determining whether a party to an arbitration agreement, usually a defendant, has waived its arbitration right, federal courts typically have looked to whether the party has actually participated in the lawsuit or has taken other action inconsistent with his right, ... whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit by the time an intention to arbitrate was communicated by the defendant to the plaintiff, ... whether there has been a long delay in seeking a stay or whether the enforcement of arbitration was brought up when trial was near at hand...
> Other relevant factors are whether the defendants have invoked the jurisdiction of the court by filing a counterclaim without asking for a stay of the proceedings, ... whether important intervening steps (e.g., taking advantage of judicial discovery procedures not available in arbitration ...) had taken place, ... and whether the other party was affected, misled, or prejudiced by the delay...

*Id.* at 44, quoting *Reid Burton Construction, Inc. v. Carpenters District Council*, 614 F.2d 698 (10th Cir. 1980).

Defendant responds to the above arguments by bringing the court's attention to the specific facts of this case. Defendants aver that there has been no prejudice to plaintiffs as the only evidence they offer of "extensive discussions" regarding mediation is four short e-mails all dated October 3, 2003. Defendant cites federal circuit court decisions for the proposition that more significant steps in the litigation process have been found insufficient to constitute waiver. E.g. *Creative Solutions Group, Inc. v. Pentzer Corp.* 252 F.3d 28, 32-33 (1st Cir. 2001) (citing the *Reid Burton Construction* factors noted above).

Absent actual mediation or proof of strong reliance upon upcoming mediation or proof of prejudice "the policy in Maine, and elsewhere, favoring arbitration" See *Cape Elizabeth School Bd. v. Cape Elizabeth Teachers Ass'n*, 459 A.2d 166, 168-69 (Me. 1983), argues against finding waiver.

Plaintiffs argue that the policy itself limits arbitration to situations where insured "made a claim under this policy and [Acadia] disagree[s] about whether the claim is payable or about the amount due to you under the policy. . ." In essence, plaintiffs argue, they have not contracted away there right to bring independent claims. Defendant portrays the arbitration clause, here, as ambiguous and goes on to argue that ambiguity should be construed against the plaintiffs. Citing *Mastrobuono v. Shearson Lehman Hutton*, 514 U.S. 52, 62 (1995) quoting *Moses H. Cone*, 460 U.S. at 24-25 ("ambiguities as to the scope of the arbitration clause itself [are] resolved in favor of arbitration.").

If, as both parties apparently concede, the arbitration provisions are governed by the FAA and federal law, nothing in the contract asserted by either party contravenes the principle that tort law is governed by the law of the jurisdiction within which the tort was committed. Plaintiffs assert that their fraud and misrepresentation counts are

not based on Acadia's breach of contract. Defendant further argues that regarding counts II and IV (fraud and misrepresentation), "[I]t is clear on the face of the complaint that there was no reliance on any alleged misrepresentation."

According to M.R. Civ. P. 9(b) "the circumstances constituting fraud must be stated with particularity." The Law Court has stated:

> To sustain a fraud claim, a party must show: (1) that the other party made a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing him to act in reliance upon it, and (5) he justifiably relied upon the representation as true and acted upon it to his damage. *Diversified Foods, Inc. v. First National Bank of Boston*, 605 A.2d 609, 615 (Me. 1992). A party will be liable for negligent misrepresentation if in the course of his business he supplies false information for the guidance of others in their business transactions, and the other party justifiably relies upon it to his pecuniary detriment. *Chapman v. Rideout*, 568 A.2d 829, 830 (Me. 1990).

*Guiggey v. Bombardier*, 615 A.2d 1169, 1173 (Me. 1992).

Although plaintiffs clearly disagree with defendant regarding the cause of the damage to the boat engine and avers repeated attempts to gain payment, nowhere in the complaint did plaintiffs describe how they "justifiably relied upon the representation as true and acted upon it to [their] damage." In their complaint, after alleging that in response to plaintiffs' claim for recovery under the policy, the defendant hired an engineer to evaluate the engine, the engineer blamed the damage on a "valve stem seal failure," but there no valve stem seal in this entire engine, the plaintiffs assert that the defendant knew or should have known that their engineer was provided false information. They allege that the defendant "knowingly provided false information to plaintiffs in an effort to deter plaintiffs from pursuing or following up on a legitimate claim under the Acadia policy. In doing so, Acadia made a material misstatement of a known fact with the intent to induce plaintiffs to rely thereon and plaintiffs did justifiably rely on Acadia's false statements to their detriment." Further,

the plaintiffs allege, "Acadia negligently misrepresented the facts to plaintiffs concerning the purported cause of the engine failure in this case and, in doing so, wrongfully induced plaintiffs to rely thereon to their detriment."

No way in the complaint is there any specific allegation as to the nature of the reliance or the detriment to which they suffered. The plaintiffs allege that the claim was denied on the basis of an engineer's report which they allege is in error. If the defendant is in error in denying the claim, the parties have contracted to have the matter determined by arbitration. If the defendant is found to be in error, it must honor the claim. There is no relationship between the plaintiffs and the defendant outside of the contract of insurance. All matters arise out of the contractual relationship and the disagreement arising out of an alleged breach.

The entry will be:

> In accordance with the provisions of 14 M.R.S.A. § 5928(4), defendant's motion to compel arbitration is GRANTED; it is ORDERED the parties shall undertake arbitration in accordance with applicable federal and State of Maine law; proceedings in count I and II of plaintiffs' complaint are stayed; counts III and IV are DISMISSED.

Dated: March _11_, 2004

Donald H. Marden
Justice, Superior Court

DAVID SINCLAIR - PLAINTIFF
RFD 1, BOX 250
WAYNE ME 04284
Attorney for: DAVID SINCLAIR
WALTER MCKEE
LIPMAN & KATZ PA
227 WATER STREET
PO BOX 1051
AUGUSTA ME 04332-1051


ANNE SINCLAIR - PLAINTIFF
RFD 1, BOX 250
WAYNE ME 04284
Attorney for: ANNE SINCLAIR
WALTER MCKEE
LIPMAN & KATZ PA
227 WATER STREET
PO BOX 1051
AUGUSTA ME 04332-1051


SEA VENTURES INC - PLAINTIFF

Attorney for: SEA VENTURES INC
WALTER MCKEE
LIPMAN & KATZ PA
227 WATER STREET
PO BOX 1051
AUGUSTA ME 04332-1051


vs
ACADIA INSURANCE COMPANY - DEFENDANT
P.O. BOX 9010
WESTBROOK ME 04098
Attorney for: ACADIA INSURANCE COMPANY
LEONARD LANGER
TOMPKINS CLOUGH HIRSHON LANGER
PO BOX 15060
PORTLAND ME 04112-5060

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CV-2003-00195


**DOCKET  RECORD**

Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 07/31/2003

## Docket Events:
07/31/2003 FILING DOCUMENT - COMPLAINT FILED ON 07/31/2003

07/31/2003 Party(s):  DAVID SINCLAIR
           ATTORNEY - RETAINED ENTERED ON 07/31/2003
           Plaintiff's Attorney: WALTER MCKEE

07/31/2003 Party(s):  ANNE SINCLAIR
           ATTORNEY - RETAINED ENTERED ON 07/31/2003
           Plaintiff's Attorney: WALTER MCKEE

07/31/2003 Party(s):  SEA VENTURES INC