STATE OF MAINE                       SUPERIOR COURT
ANDROSCOGGIN, SS.               CIVIL ACTION
DOCKET NO. AUBSC-CV-15-192



GEORGE STANLEY, )
                              )
    Plaintiff,             )
                              )
v.                         )    ORDER ON DEFENDANTS' MOTION
                              )    TO DISMISS & PLAINTIFF'S "MOTION
COOPERS MILLS NURSING )    TO AMEND STRIKE COMPLAINT"
HOME, INC. and NORTH COUNTRY )
ASSOCIATES, INC., )
                              )
    Defendants.        )

Presently before are Defendants Coopers Mills Nursing Home, Inc. and North Country Associates, Inc.'s joint motion to dismiss the complaint and Plaintiff George Stanley's "Motion to Amend Strike Complaint." Based on the following, Defendants' motion is granted, and Plaintiff's motion is denied.

On December 10, 2015, Plaintiff George Stanley filed a complaint against Defendants Coopers Mills Nursing Home, Inc. and North Country Associates, Inc., asserting claims of medical malpractice, abuse, harassment, and violation of Plaintiff's civil rights. (Compl. 1-4.) Plaintiff's complaint requested a jury trial and sought both declaratory judgment and damages. (*Id.* at 4.)

Defendants assert that the court lacks subject matter jurisdiction to entertain Plaintiff's complaint. (Defs. Reply to Pl. Opp'n to Defs. Mot. Dismiss 1.) A motion to dismiss pursuant to Maine Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction. M.R. Civ. P. 12(b)(1). When a court's jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff bears the initial burden of establishing that jurisdiction is proper. *Commerce Bank & Trust Co. v. Dworman*, 2004 ME 142, ¶ 8, 861 A.2d 662. The court makes no inferences in favor of the plaintiff. *Persson v.*

*Dep't of Human Servs.*, 2001 ME 124, ¶ 8, 775 A.2d 363. The court may consider materials outside of the pleadings. *Gutierrez v. Gutierrez*, 2007 ME 59, ¶ 10, 921 A.2d 153.

Section 2903 of the Maine Health Security Act ("MHSA") provides that no "action for professional negligence" may be commenced until the plaintiff has (a) served and filed written notice of claim in accordance with § 2853 of the MHSA; (b) complied with subchapter IV-A of the MHSA, §§ 2852-2859, which governs the submission of claims for professional negligence to a prelitigation screening panel; and (c) determined that the time periods provided in § 2859 of the MHSA have expired. 24 M.R.S. § 2903(1). If an action for professional negligence is filed in violation of § 2903, the court must dismiss the action pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. *Hill v. Kwan*, 2009 ME 4, ¶ 8, 962 A.2d 963.

The provisions of the MHSA are very broad and are intended to apply to "*all* actions for professional negligence against a health care provider or practitioner." *Saunders v. Tisher*, 2006 ME 94, ¶ 13, 902 A.2d 830 (emphasis in original) (internal quotation marks and alterations omitted). The MHSA broadly defines an "action for professional negligence" as:

> any action for damages for injury or death against any health care provider, its agents or employees, or health care practitioner, his agents or employees, whether based upon tort or breach of contract or otherwise, arising out of the provision or failure to provide health care services.

24 M.R.S. § 2502(6). The Law Court has stated that that MHSA covers more than "simple negligence" claims. *Dutil v. Burns*, 674 A.2d 910, 911 (Me. 1996). The inclusion of the words "or otherwise" in the statutory definition "reveals the legislature's intention that the MHSA fully occupy the field of claims brought against health care providers." *Id.* A nursing home is a "healthcare provider" under the MHSA. 24 M.R.S. § 2502(2).

In his complaint, Plaintiff alleges that he was a "patient" at the nursing home operated by Defendant Coopers Mills Nursing Home, Inc. from February 1, 2014 to May 15, 2014. (Compl. 1.) Plaintiff alleges that he was subjected to physical and mental abuse and sexual harassment from nurses, physical therapists, and other staff while a patient at the nursing home. (*Id.* at 1-4.) Plaintiff also alleges that his civil rights were violated and that he was a victim of false pretenses, misrepresentation, and false accusations to police while a "patient" at the nursing home. (*Id.*) Plaintiff alleges that the actions of the staff at the nursing home constitute medical malpractice and elder abuse. (*Id.* at 1.) In addition to other relief, Plaintiff seeks "$500K" in damages. (*Id.* at 4.)

As previously stated, a nursing home is a "healthcare provider" within the meaning of the MHSA. 24 M.R.S. § 2502(2). Although some of Plaintiff's claims appear to be based in intentional tort and civil rights actions, all of Plaintiff's claims arise "out of the provision or failure to provide health care services." 24 M.R.S. § 2502(6). Because the MHSA encompasses "the whole field of claims brought against health care providers," all of Plaintiff's claims whether sounding in civil rights, intentional tort, or malpractice are subject to the requirements of the MHSA. *Dutil*, 674 A.2d at 911.

Plaintiff has not complied with the requirements of § 2903 of the MHSA. Plaintiff has not served or filed a written notice of claim given under oath in accordance with § 2853, nor completed the prelitigation screening process in accordance with subchapter IV-A of the MHSA. Accordingly, the court lacks subject matter jurisdiction to entertain Plaintiff's complaint.

In response to the motion to dismiss, Plaintiff asserts that the clerk of court instructed him to file a complaint. (Pl. Opp'n to Defs. Mot. Dismiss ¶ 1.) Plaintiff requests that the court submit his complaint to the "alleged 'so-called' panel." (*Id.* ¶ 2.)

Plaintiff also requests that the court stay, continue, or extend time for him to find and consult with an attorney. (*Id.* ¶ 6.)

Because the court lacks subject matter jurisdiction over this case, the court has no authority to grant Plaintiff a stay, continuance or enlargement of time. The court also has no authority to order Plaintiff's complaint be submitted to the prelitigation screening panel. The court's only recourse is to dismiss the complaint. *See* M.R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.")

Plaintiff has also filed a "Motion to Amend Strike Complaint." Plaintiff requests that court grant him leave to amend his complaint to remove any references to "malpractice" or "negligence" in order to allow his remaining claims to proceed without submission to the prelitigation screening panel. (Pl. Mot. to Amend Compl.) Under Maine Rule of Civil Procedure 15, leave to amend a complaint "shall be freely given when justice so requires." M.R. Civ. P. 15(a). However, the court may deny a motion to amend when the proposed amended complaint would not survive a motion to dismiss. *Glynn v. City of S. Portland*, 640 A.2d 1065, 1067 (Me. 1994).

As discussed above, the MHSA encompasses "the whole field of claims brought against health care providers." *Dutil*, 674 A.2d at 911. Even if the court were to grant leave and permit Plaintiff to remove any reference "negligence" or "malpractice," Plaintiff's remaining claims for abuse, harassment, and violation of his civil rights arising from his care and treatment would still be subject to the MHSA because all of Plaintiff's claims arise from his care and treatment at the nursing home. As such, Plaintiff's proposed amended complaint would still not survive a motion to dismiss.

Therefore, based on the foregoing, Defendants Coopers Mills Nursing Home, Inc. and North Country Associates, Inc.'s joint motion to dismiss the complaint is granted. Plaintiff George Stanley's "Motion to Amend Strike Complaint" is denied.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: August 2, 2016

MaryGay Kennedy
Justice, Superior Court